[Cite as *Warren v. Denes Concrete, Inc.*, 2011-Ohio-2988.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

JAMES WARREN

    Appellee

v.

DENES CONCRETE, INC., et al.

    Appellants

C.A. No.     10CA009877

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    07CV149695

DECISION AND JOURNAL ENTRY

Dated: June 20, 2011

WHITMORE, Judge.

{¶1}   Defendant-Appellants, Denes Concrete, Inc. and Thomas Denes, Jr. ("Denes Concrete"), appeal from the judgment of the Lorain County Court of Common Pleas. This Court vacates in part and affirms in part.

I

{¶2}   This Court recounted the underlying facts of this case in the first appeal in this matter. See *Warren v. Denes Concrete, Inc.*, 9th Dist. Nos. 08CA009414 & 08CA009422, 2009-Ohio-2784. The procedural history relevant to this suit is as follows:

"On February 15, 2007, [Plaintiff-Appellee, James] Warren[,] filed suit against Denes Concrete, Inc. and Thomas Denes, Sr. for breach of contract, breach of warranty, and multiple violations of the Consumer Sales Practices Act ("CSPA"). By the agreement of the parties, the trial court later joined Thomas J. Denes, Jr. to the suit as a defendant. The matter proceeded to a bench trial on April 2, 2008. On May 23, 2008, the trial court issued its decision, granting judgment in favor of Warren for $32,815. The court specified that $400 of that award stemmed from two separate CSPA violations and the remaining $32,415 represented treble damages on Warren's $10,805 breach of contract award. The court further held that while the Denes were jointly and severally liable for $22,010 of Warren's

> $32,415 award, Denes Concrete, Inc. bore sole responsibility for the $10,805 portion of the award. The trial court denied Warren's request for injunctive relief and attorney fees." *Warren* at ¶5.

On appeal from the trial court's judgment, this Court reversed the entirety of Warren's damage award, save $200 that stemmed from a single CSPA violation. Id. at ¶7-29. We specifically held that the trial court did not err when it refused to grant Warren his attorney fees under the CSPA. Id. at ¶35-37.

{¶3} After this Court's remand, Warren filed a motion "to reconsider an award of attorney fees in light of new evidence in the record." The "new evidence" upon which Warren relied was the time his attorney expended "successfully defend[ing] th[e] appeal" in this Court. Denes Concrete opposed the motion, and the trial court set the matter for a hearing. On September 29, 2009, the court issued an order awarding attorney fees in favor of Warren in the amount of $10,000, reasoning that it was appropriate to "exercise its discretionary powers" and award fees in light of the fact that Warren's damage award had been "gutted" on appeal. Denes Concrete appealed from the trial court's order, but this Court dismissed the appeal because the trial court had failed to enter judgment upon remand, consistent with this Court's mandate in *Warren*, supra. See *Warren v. Denes Concrete, Inc., et al.* (Mar. 8, 2010), 9th Dist. No. 09CA009699. The trial court later entered judgment on August 4, 2010.

{¶4} Denes Concrete[1] now appeals from the trial court's judgment and raises three assignments of error for our review. For ease of analysis, we consolidate the assignments of error.

II

Assignment of Error Number One

"THE TRIAL COURT ERRED WHEN IT AMENDED THE SPECIAL MANDATE OF THE APPEALS COURT, AS THAT THE (sic) APPEALS COURT'S DECISION CONSTITUTED 'THE JOURNAL ENTRY OF JUDGMENT.'"

Assignment of Error Number Two

"THE TRIAL COURT ERRED WHEN IT GRANTED THE MOTION TO RECONSIDER AND AWARDED ATTORNEYS' FEES TO APPELLEE JAMES WARREN, AS MOTIONS FOR RECONSIDERATION ARE NOT PERMITTED AFTER THE ISSUANCE OF A FINAL JUDGMENT."

Assignment of Error Number Three

"TO THE EXTENT THAT THE TRIAL COURT GRANTED THE MOTION TO RECONSIDER BASED ON OHIO R. CIV. P. 60(B)(2), THE TRIAL COURT ERRED WHEN IT DETERMINED THAT APPELLEE JAMES WARREN PRESENTED 'NEW EVIDENCE.'"

{¶5}  In its assignments of error, Denes Concrete argues that the trial court erred by granting Warren's motion to reconsider and awarding him attorney fees upon remand.  We agree.

{¶6}  "Absent extraordinary circumstances, such as an intervening decision by the Supreme Court, an inferior court has no discretion to disregard the mandate of a superior court in a prior appeal in the same case." *Nolan v. Nolan* (1984), 11 Ohio St.3d 1, paragraph one of the syllabus.

> "[T]he decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels. *** [T]he rule is necessary to ensure consistency of results in a case, to avoid endless litigation by settling the issues, and to preserve the structure of superior and inferior courts as designed by the Ohio Constitution.  In pursuit of these goals, the doctrine functions to compel trial courts to follow the mandates of reviewing courts. *** [T]he trial court is without authority to extend or vary the mandate given."  (Internal citations omitted.)  Id. at 3-4.

---

[1] Only Denes Concrete, Inc. and Thomas Denes, Jr. remain as Defendant-Appellants as Thomas Denes, Sr. died shortly after the court entered its August 4, 2010 judgment.

"[W]hen the trial court renders a decision on a particular issue, and that decision is both final and appealable, then following such appeal or waiver of appeal, the aggrieved party is precluded from resubmitting this same issue to the trial court in an effort to obtain a different result." *Rehoreg v. Stoneco, Inc.*, 9th Dist. No. 04CA008481, 2005-Ohio-12, at ¶10.

{¶7} If a supplier knowingly commits an act that violates the CSPA, a trial court has the discretion to award reasonable attorney fees to a party who prevails in a suit against the supplier. R.C. 1345.09(F)(2). Warren specifically requested attorney fees under R.C. 1345.09(F)(2) in his complaint and at trial. The trial court considered Warren's request and denied it, reasoning that "attorney fees in addition to the mandatory CSPA damages are not warranted here." On appeal, Warren argued that the court erred as a matter of law by refusing to award fees after finding that Denes Concrete knowingly violated the CSPA. *Warren* at ¶35-37. This Court rejected Warren's argument on the basis that R.C. 1345.09(F)(2) does not require courts to award attorney fees for CSPA violations. Id. at ¶37. We did not decide if the court abused its discretion by not awarding fees because Warren failed to make that argument. Id. Nevertheless, our conclusion was that the court did not err by refusing to award Warren attorney fees under R.C. 1345.09(F)(2). Id. at ¶35-37. We affirmed that portion of the trial court's judgment, id. at ¶40, and Warren did not appeal from our decision. See *O'Brien v. Product Design Ctr., Inc.* (Dec. 13, 2001), 10th Dist. Nos. 01AP-454 & 01AP-495, at *4 ("If plaintiff believed resolution of the attorney fees issue was erroneous, he should have appealed this court's *** opinion. Having failed to do so, plaintiff is compelled to embrace the results of that opinion, be they favorable or not to plaintiff's claim for attorney fees.").

{¶8} This Court remanded this matter in *Warren* strictly for the entry of judgment in accordance with our opinion. *Warren* at ¶40. After our remand, however, Warren moved the

court to reconsider an award of attorney fees under the same statutory subsection he previously had sought fees, and the court granted his request. Yet, Warren's motion was nothing more than an attempt to "resubmit[] th[e] same issue to the trial court in an effort to obtain a different result." *Rehoreg* at ¶10. In entertaining the motion, the court acted outside the scope of this Court's remand and disregarded our mandate. This Court affirmed the trial court's judgment with regard to the issue of attorney fees, so that portion of the judgment was not subject to change. See *Miller v. Miller*, 9th Dist. No. 09CA0025, 2010-Ohio-1251, at ¶12-14 (holding that law of the case doctrine barred any interest rate challenge in second appeal, as the rate went unchallenged in the first appeal and was part of the judgment affirmed therein). See, also, *O'Brien*, at *4 (concluding that trial court properly denied request for attorney fees upon remand where appellate court previously had determined plaintiff was not entitled to fees); *Brown v. Brown* (May 11, 1995), 10th Dist. No. 94APF09-1306, at *4 (holding that "the law of the case governs here, and appellant cannot bootstrap the issue of attorney fees onto our remand for a determination of spousal support"); *Baggott v. Buckeye Union Ins. Co.* (Aug. 29, 1978), 2d Dist. No. 5838, at *4-5 (providing that trial court was not authorized to consider attorney fee award upon remand where remand was for specific determination, unrelated to attorney fees). It is wholly apparent from the record that the trial court awarded Warren fees, not in light of any "new evidence," but to offset the loss of Warren's damage award. The substantial reduction of Warren's damage award on appeal, however, did not revive the separate issue of fees. The trial court exceeded its authority when it awarded Warren attorney fees upon remand. See *Nolan*, 11 Ohio St.3d at 4 (holding that "the trial court is without authority to extend or vary the mandate given"). As such, Denes Concrete's assignments of error are sustained on that basis, and the

court's September 29, 2009 order, awarding attorney fees, is vacated. See *Wesco Mach. Co. v. Brannon Design Build and Const. Co.* (July 15, 1987), 9th Dist. No. 12964, at \*3.

{¶9} The trial court separately entered judgment consistent with this Court's remand on August 4, 2010. Our decision in this matter does not impact the court's August 4, 2010 judgment or require any partial vacation of it, as the trial court did not include Warren's attorney fee award in that judgment entry. Accordingly, while we vacate the court's September 29, 2009 order, the trial court's August 4, 2010 judgment is affirmed.

III

{¶10} Denes Concrete's assignments of error are sustained. The trial court's September 29, 2009 order, awarding Warren $10,000 in attorney fees, is vacated pursuant to that determination. The judgment of the Lorain County Court of Common Pleas is vacated in part and affirmed in part, consistent with the foregoing opinion.

Judgment affirmed in part,
and vacated in part.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellants.

                                      _____

                                        BETH WHITMORE
                                        FOR THE COURT

DICKINSON, J.
CONCURS

BELFANCE, P. J.
CONCURS IN JUDGMENT ONLY

APPEARANCES:

JEFFREY H. WEIR, II, and JOSHUA E. LAMB, Attorneys at Law, for Appellants.

JACK MALICKI, Attorney at Law, for Appellee.

ANTHONY J. AMATO, Attorney at Law, for Appellee.