[Cite as *State v. Gomez*, 2014-Ohio-5257.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. Nos. 27341 |
| | 27354 |
| Appellant | |
| v. | |
| | APPEAL FROM JUDGMENT |
| CARLOS FRANCISCO GOMEZ | ENTERED IN THE |
| | COURT OF COMMON PLEAS |
| Appellee | COUNTY OF SUMMIT, OHIO |
| | CASE No. CR 09 07 2145 |

DECISION AND JOURNAL ENTRY

Dated: November 26, 2014

---

HENSAL, Presiding Judge.

{¶1} Appellant/Cross-Appellee, Carlos Gomez, appeals from his conviction in the Summit County Court of Common Pleas. Appellee/Cross-Appellant, the State of Ohio, appeals from the judgment imposing sentence. For the reasons set forth below, we affirm Mr. Gomez' conviction, but vacate the judgment of sentence.

I.

{¶2} Following an incident that occurred in July 2009, Mr. Gomez was convicted of one count of domestic violence, a fifth-degree felony in violation of R.C. 2919.25(A). At the time of Mr. Gomez' offense, R.C. 2919.25 required courts to sentence fifth-degree felony offenders to "a mandatory prison term * * * pursuant to division (A)(6) of this section." Former R.C. 2919.25(D)(5). The statute, however, did not contain a division (A)(6). Instead, division (D)(6) mandated a prison term of at least six months for fifth-degree felonies. *See* Former R.C.

2919.25(D)(6).[1]    Upon motion by Mr. Gomez, the trial court found the statute to be unconstitutionally vague.  Consequently, it refused to impose a mandatory prison term upon him.  The court sentenced Mr. Gomez to two years of community control, and both Mr. Gomez and the State appealed.

{¶3}    On appeal, Mr. Gomez presented sufficiency and weight of the evidence challenges and the State challenged the trial court's refusal to impose a mandatory prison term of at least six months.  *See State v. Gomez*, 9th Dist. Summit Nos. 25496 & 25501, 2011-Ohio-5475.  This Court affirmed Mr. Gomez' conviction, but agreed that the trial court had committed reversible error in sentencing him.  We concluded that "the trial court erred by failing to impose a mandatory prison term on [Mr.] Gomez to effect the clear legislative intent of [R.C. 2919.25]."  *Id.* at ¶ 31.  Consequently, we reversed the judgment of sentence and remanded the matter for "[the] imposition of a sentence consistent with this decision."  *Id.* at ¶ 32.

{¶4}    On remand, the court sentenced Mr. Gomez to serve six months in the Summit County Jail and stayed his sentence for purposes of an appeal.  Both Mr. Gomez and the State appealed, and this Court consolidated the two appeals.  We address each appeal in turn.

II.

<u>Mr. Gomez' Appeal – Appeal Number 27341</u>

{¶5}    On August 25, 2014, Mr. Gomez' counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there were no appealable issues, and moved to withdraw as counsel.  The record indicates that Mr. Gomez was served with a copy of appellate counsel's brief, and this Court issued a magistrate's order affording Mr. Gomez an opportunity to raise arguments after review of the *Anders* brief.  Mr. Gomez has not responded to the brief.

---

[1] The statute has since been corrected to make reference to division (D), rather than division (A).

{¶6} Initially, we note that appellate review in this case is extremely limited. Mr. Gomez already had his direct appeal, and this Court's remand was strictly limited to resentencing Mr. Gomez in conformance with the domestic violence statute. Therefore, the doctrine of res judicata would prohibit any challenges to Mr. Gomez' underlying convictions in this appeal. *See, e.g., State v. Brown*, 9th Dist. Summit No. 26427, 2012-Ohio-5484, ¶ 11 ("The doctrine of res judicata procedurally bars convicted defendants from relitigating matters which were, or could have been, properly litigated on direct appeal."). Upon this Court's own full, independent examination of the record before us, we find that there are not appealable, non-frivolous issues that appellate counsel could have raised on behalf of Mr. Gomez. *See State v. Randles*, 9th Dist. Summit No. 23857, 2008-Ohio-662, ¶ 6; *State v. Lowe*, 9th Dist. Lorain No. 97CA006758, 1998 WL 161274, *2 (Apr. 8, 1998). Accordingly, with respect to appeal number 27341, the judgment is affirmed.

State's Appeal – Appeal Number 27354

ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED IN NOT IMPOSING A MANDATORY PRISON
TERM OF AT LEAST SIX MONTHS[.]

{¶7} In its sole assignment of error, the State argues that the trial court erred by sentencing Mr. Gomez to six months in jail. We agree.

{¶8} The law of the case doctrine "provides that the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both trial and reviewing levels." *Nolan v. Nolan*, 11 Ohio St.3d 1, 3 (1984). "The function of the doctrine is 'to compel trial courts to follow the mandates of reviewing courts.'" *Matheny v. Norton*, 9th Dist. Summit No. 26666, 2013-Ohio-3798, ¶ 14, quoting *Nolan* at 3. "Absent extraordinary circumstances, such as an intervening decision by the Supreme Court, an

inferior court has no discretion to disregard the mandate of a superior court in a prior appeal in the same case." *Nolan* at syllabus.

{¶9} In the prior appeal in this matter, this Court rejected the trial court's conclusion that R.C. 2919.25 was unconstitutionally vague and found that the statute contained a typographical error. *Gomez*, 2011-Ohio-5475, at ¶ 29-31. We determined that "[i]t was the clear intent of the General Assembly to impose a mandatory prison term if the offender knew that the victim was pregnant." *Id.* at ¶ 31, quoting *State v. Cross*, 9th Dist. Summit No. 25487, 2011-Ohio-3250, ¶ 44. *See also* Former R.C. 2919.25(D)(6)(a) (requiring imposition of a prison term of at least six months for fifth-degree felonies). Consequently, we found that "the trial court erred by failing to impose a mandatory prison term on [Mr.] Gomez to effect the clear legislative intent of [R.C. 2919.25]." *Gomez* at ¶ 31. We reversed the judgment of sentence and remanded the cause "for imposition of a sentence consistent with [our] decision." *Id.* at ¶ 32.

{¶10} On remand, the trial court sentenced Mr. Gomez to six months in jail. By virtue of R.C. 2919.25 and this Court's mandate, however, the court was required to sentence Mr. Gomez to at least six months in prison. *See id.* at ¶ 31-32. The trial court had no authority to disregard our mandate. *See Nolan* at 4 ("[T]he trial court is without authority to extend or vary the mandate given."). As such, the State's sole assignment of error is sustained and the judgment of sentence is vacated. *See Warren v. Denes Concrete, Inc.*, 9th Dist. Lorain No. 10CA009877, 2011-Ohio-2988, ¶ 8. Upon remand, the court must "impose a mandatory prison term on [Mr.] Gomez to effect the clear legislative intent of [R.C. 2919.25]." *Gomez* at ¶ 31.

### III.

{¶11} With respect to appeal number 27341, this Court concludes that Mr. Gomez' appeal is meritless and wholly frivolous under *Anders v. California*. Therefore, the judgment of

conviction is affirmed, and the motion to withdraw filed by Mr. Gomez' counsel is granted. With respect to appeal number 27354, the State's sole assignment of error is sustained. The judgment of sentence of the Summit County Court of Common Pleas is vacated, and the cause is remanded for imposition of a sentence consistent with this decision.

> Judgment affirmed in part,
> vacated in part,
> and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

CARR, J.
MOORE, J.
CONCUR.

APPEARANCES:

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellant.

JEFFREY N. JAMES, Attorney at Law, for Appellee.