[Cite as *State v. Meyerson*, 2023-Ohio-708.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

    v.

ZACHARY MEYERSON

    Appellant

C.A. No.    30260

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CR 2015-05-1643

DECISION AND JOURNAL ENTRY

Dated: March 8, 2023

---

FLAGG LANZINGER, Judge.

{¶1} Zachary Meyerson appeals from the judgment of the Summit County Court of Common Pleas, denying his petition for post-conviction relief without a hearing. For the following reasons, this Court affirms.

I.

{¶2} In 2016, a jury found Mr. Meyerson guilty of one count of rape, one count of felonious assault, and two counts of child endangering. *State v. Meyerson*, 9th Dist. Summit No. 28549, 2017-Ohio-8726, ¶ 3. The convictions stemmed from an incident wherein K.M., the three-year-old victim and son of Mr. Meyerson's ex-fiancé, sustained multiple injuries while in Mr. Meyerson's care. *Id.* at ¶ 2. The injuries to the victim included multiple burns that were characteristic of contact burns from a cigarette lighter, extensive bruising to his anal cavity, and a subdural hematoma that required emergency neurosurgery to relieve the pressure on the victim's brain. *Id.* at ¶ 2, 14.

{¶3}    Relevant to this appeal, Dr. Cynthia Keck-McNulty, the victim's trauma therapist, unexpectedly passed away prior to trial. *Id.* at ¶ 3. Mr. Meyerson's trial counsel filed a motion in limine prior to trial, seeking to exclude certain statements the victim made about his injuries in the presence of Dr. Keck-McNulty that implicated Mr. Meyerson, as well as similar statements the victim made in the presence of his grandmother. *Id.* The trial court held a hearing on the matter, and ultimately allowed the State to present Dr. Keck-McNulty's therapy notes at trial through another witness. *Id.* It also allowed the victim's grandmother to testify as to the statements the victim made in her presence. *Id.* The victim did not testify.

{¶4}    After his convictions, Mr. Meyerson filed a direct appeal that challenged the admission of the victim's statements through Dr. Keck-McNulty's therapy notes, the admission of the victim's statements through the victim's grandmother's testimony, and the trial court's denial of his Crim.R. 29 motion for acquittal on the rape count. *Id.* at ¶ 7, 23. This Court held that the trial court did not abuse its discretion when it admitted the victim's statements to Dr. Keck-McNulty pursuant to Evid.R. 803(4), and that—even if the statements the victim made in the presence of his grandmother were inadmissible—any error in that regard was harmless beyond a reasonable doubt because the grandmother's testimony was merely cumulative of other evidence. *Id.* at ¶ 17, 22. This Court ultimately overruled Mr. Meyerson's assignments of error, affirmed his convictions, and reversed and remanded the matter solely on a sentencing issue that is not pertinent to this appeal. *Id.* at ¶ 7, 23.

{¶5}    Mr. Meyerson later moved to reopen his direct appeal, arguing that his appellate counsel rendered ineffective assistance by not challenging the introduction and use of Dr. Keck-McNulty's case notes and files under Evid.R. 805, Evid.R. 901, and the Confrontation Clause. *See* C.A. No. 28549.  This Court denied Mr. Meyerson's application for reopening. In doing so, this

Court noted that Mr. Meyerson's appellate counsel challenged the admission of the victim's statements (presented through Dr. Keck-McNulty's case notes and files) in Mr. Meyerson's direct appeal, citing both the hearsay rules and the Confrontation Clause. This Court indicated that we rejected those arguments in our resolution of Mr. Meyerson's direct appeal, and declined to revisit our decision. This Court then addressed Mr. Meyerson's argument related to Evid.R. 901, and held that any error in the admission of the victim's statements as reflected in Dr. Keck-McNulty's case notes and files was harmless beyond a reasonable doubt, and that Mr. Meyerson failed to establish prejudice.

{¶6} After this Court issued its ruling on Mr. Meyerson's application for reopening, Mr. Meyerson filed a timely petition for post-conviction relief. He later filed an amended petition, which included affidavits and unsworn letters not previously attached to his original petition. Mr. Meyerson set forth several claims in support of his petition, including that his trial counsel rendered ineffective assistance by: (1) failing to investigate, interview, and present testimony from exculpatory witnesses at trial (i.e., himself, his mother, two medical experts, a hotel manager named David, and his aunt); (2) failing to move to suppress the statements he made to the police officers; (3) conceding his guilt on the felonious assault and child endangering charges during closing arguments, and refusing to call him as a witness so that he could testify as to those charges; (4) failing to challenge the introduction and use of Dr. Keck-McNulty's case notes and files (through the testimony of another witness) on the basis that they constituted hearsay within hearsay under Evid.R. 805, that the State failed to properly authenticate them under Evid.R. 901, and that their introduction and use violated his constitutional rights; (5) failing to force the State to elect the means by which the State alleged he committed felonious assault and child endangering such that the jury would be forced to unanimously agree on the course of action constituting the offense;

(6) failing to object to certain jury instructions; and (7) failing to demand a hearing under Evid.R. 807 to determine the trustworthiness of the victim's statements to Dr. Keck-McNulty and to his grandmother.

{¶7}    Mr. Meyerson supported his petition for post-conviction relief with an affidavit from his mother who averred, in part, that Mr. Meyerson's trial counsel never interviewed her as a potential witness, and that—had she been called to testify—she would have testified as to facts that were favorable to the defense. Mr. Meyerson also supported his petition with his own affidavit wherein he averred, in part, that he agreed to make an official statement to the police because he "did not feel that [he] had a choice[.]" Mr. Meyerson further supported his petition with unsworn and unsigned letters[1] from two doctors. As discussed in more detail below, one of the doctor's letters indicated that it was possible that the victim's head injury could have stemmed from a fall that occurred a few days prior to the incident, and the other doctor's letter indicated that the victim's anal bruising was consistent with at least attempted penetration, possibly by an instrument, but was not consistent with a fall. Despite referring to their potential testimony in his petition, Mr. Meyerson did not submit an affidavit from his aunt, or from the hotel manager named David.

{¶8}    The trial court denied Mr. Meyerson's petition without holding an evidentiary hearing. In doing so, the trial court: (1) discounted Mr. Meyerson's mother's affidavit as self-serving, and indicated that any issue related to that affidavit could have been, but was not, raised on direct appeal; (2) indicated that Mr. Meyerson's trial counsel did obtain a medical expert, chose not to call that expert as a witness, and instead "aggressively" cross-examined the State's medical

---

[1] Each letter contains the typewritten name of the doctor and a space for a signature, but no signature. In his merit brief, Mr. Meyerson erroneously refers to the doctors' unsworn, unsigned letters as affidavits.

expert, which fell within the purview of trial strategy; (3) indicated that, while Mr. Meyerson asserted that David (the hotel manager) and his aunt would have provided favorable testimony, he did not support his argument in that regard with anything other than hearsay; (4) determined that Mr. Meyerson's claim that his trial counsel prevented him from testifying was not supported by the record because the record reflected that the trial court asked Mr. Meyerson whether he wished to testify during trial, and Mr. Meyerson answered on the record that he did not; (5) determined that Mr. Meyerson's argument that his trial counsel rendered ineffective assistance by failing to move to suppress the statements he made to the police could have been, but was not, raised on direct appeal; and (6) determined that Mr. Meyerson's ineffective-assistance claims could have been, but were not, raised on direct appeal. Additionally, the trial court acknowledged that, as part of his trial strategy, Mr. Meyerson's trial counsel admitted that Mr. Meyerson committed some of the alleged physical abuse, but denied the allegations related to the rape charge.

{¶9}    Mr. Meyerson now appeals the trial court's denial of his petition for post-conviction relief, raising three assignments of error for this Court's review.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY DENYING APPELLANT MEYERSON'S TIMELY PETITION FOR POST-CONVICTION RELIEF WITHOUT AN EVIDENTIARY HEARING.

{¶10}  In his first assignment of error, Mr. Meyerson argues that the trial court erred by denying his petition for post-conviction relief without first holding an evidentiary hearing. For the following reasons, this Court disagrees.

{¶11}  "A postconviction proceeding is a collateral civil attack on a criminal conviction." *State v. Phillips*, 9th Dist. Summit No. 20692, 2002 WL 274637, *2 (Feb. 27, 2002), citing *State*

*v. Calhoun*, 86 Ohio St.3d 279, 281 (1999). Revised Code Section 2953.21(A)(1)(a) permits anyone convicted of a criminal offense "who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States" to "file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief[.]" The petitioner "may file a supporting affidavit and other documentary evidence in support of the claim for relief." R.C. 2953.21(A)(1)(b).

{¶12} "The postconviction relief process is not itself a constitutional right[,]" and petitioners receive no more rights than those granted by the statute. *State v. Wesson*, 9th Dist. Summit No. 25874, 2012-Ohio-4495, ¶ 7, citing *Calhoun* at 281. As the Ohio Supreme Court has stated, a petitioner "is not automatically entitled to a hearing." *Calhoun* at 282. "In that respect, the trial court has a 'gatekeeping' function." *State v. McQuistan*, 9th Dist. Medina No. 18CA0104-M, 2019-Ohio-3612, ¶ 5, quoting *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, ¶ 51. Trial courts considering a timely petition for post-conviction relief must first decide whether a hearing is warranted by determining whether there are substantive grounds for relief with reference to "the petition, the supporting affidavits, and the documentary evidence, all the files and records pertaining to the proceedings against the petitioner[.]" R.C. 2953.21(D). Consequently, a trial court may summarily dismiss a petition that "does not allege facts which, if proved, would entitle the prisoner to relief," or a petition whose allegations are negated by the supporting evidence and the record. *State v. Perry*, 10 Ohio St.2d 175 (1967), paragraph two and three of the syllabus; *see also Calhoun* at paragraph two of the syllabus; *State v. Lester*, 41 Ohio St.2d 51 (1975), paragraph two of the syllabus.

{¶13} Here, Mr. Meyerson based his petition for post-conviction relief on his trial counsel's alleged ineffective assistance. Courts apply the same standard for assessing ineffective assistance of counsel when considering a petition for post-conviction relief as is applied when the issue is raised on direct appeal. *See Gondor* at ¶ 60-61. Thus, in order to demonstrate ineffective assistance of counsel, a defendant must show: (1) deficiency in the performance of counsel "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment[;]" and (2) that the errors made by counsel were "so serious as to deprive the defendant of a fair trial[.]" *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A defendant must demonstrate prejudice by showing that, but for counsel's errors, there is a reasonable possibility that the outcome of the trial would have been different. *Id.* at 694. In applying this test, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" *Id.* at 689.

{¶14} Additionally, a trial court may properly dismiss a petition for post-conviction relief without a hearing on the basis of res judicata. *State v. Griffin*, 9th Dist. Lorain No. 14CA010680, 2016-Ohio-2988, ¶ 14. Pursuant to the doctrine of res judicata:

> [A] final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment.

*State v. Perry*, 10 Ohio St.2d 175 (1967), paragraph nine of the syllabus.

{¶15} In order to avoid the preclusive effect of res judicata, post-conviction relief claims must be "based on evidence outside of the original record that existed during direct appellate proceedings." *State v. Bulls*, 9th Dist. Summit No. 27713, 2015-Ohio-5094, ¶ 9. Nevertheless, "[p]resenting evidence outside the record does not automatically defeat the doctrine of *res*

*judicata.*" *State v. Stallings*, 9th Dist. Summit No. 19620, 2000 WL 422423, *1 (Apr. 19, 2000). The evidence "must meet some threshold standard of cogency; otherwise it would be too easy to defeat the holding of *Perry* by simply attaching as exhibits evidence [that] is only marginally significant and does not advance the petitioner's claim[.]" *Id.*, quoting *State v. Lawson*, 103 Ohio App.3d 307, 315 (12th Dist.1995).

{¶16} Regarding a trial court's standard of review, "[a] trial court properly denies a petition for post-conviction relief without holding an evidentiary hearing where the petition, the supporting affidavits, the documentary evidence, the files, and the records do not demonstrate that the petitioner set forth sufficient operative facts to establish substantive grounds for relief." *State v. Spaulding*, 9th Dist. Summit No. 28526, 2018-Ohio-3663, ¶ 7. This Court generally reviews a trial court's decision denying a petition for post-conviction relief under an abuse of discretion standard. *State v. Nichols*, 9th Dist. Summit No. 29228, 2019-Ohio-3084, ¶ 10. An abuse of discretion "implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983), quoting *State v. Adams*, 62 Ohio St.2d 151, 157 (1980). If, however, "a trial court denies a petition for post-conviction relief on the basis of an issue of law, such as the doctrine of res judicata, this Court reviews the matter de novo." *State v. Palmer*, 9th Dist. Summit No. 28723, 2018-Ohio-1486, ¶ 19, citing *State v. Tauwab*, 9th Dist. Summit No. 28022, 2017-Ohio-81, ¶ 10.

{¶17} Having set forth the applicable law, we now turn to the arguments raised in Mr. Meyerson's first assignment of error. Mr. Meyerson argues that the trial court erred by denying his petition for post-conviction relief without holding an evidentiary hearing because his petition (and supporting documents) established that his trial counsel rendered ineffective assistance by: (1) conceding his guilt to the felonious assault and child endangering charges during closing

arguments; (2) failing to move to suppress the statements he made to the police; (3) failing to call certain witnesses; (4) failing to object to certain jury instructions; and (5) failing to object to the introduction of Dr. Keck-McNulty's case notes and files under Evid.R. 901. For the following reasons, Mr. Meyerson's arguments lack merit.

{¶18} Initially, this Court notes that we upheld the trial court's admission of the victim's statements to Dr. Keck-McNulty (as contained in her case notes and files) in Mr. Meyerson's direct appeal. *Meyerson*, 2017-Ohio-8726, at ¶ 7-18. In doing so, this Court rejected Mr. Meyerson's argument that those statements constituted hearsay that was not subject to admission under Evid.R. 803(4) or Evid.R. 807. *Id.* Then, in our ruling on Mr. Meyerson's application for reopening, this Court noted that Mr. Meyerson's appellate counsel challenged the admission of the victim's statements in Mr. Meyerson's direct appeal, citing both the hearsay rules and the Confrontation Clause. This Court indicated that we rejected those arguments on direct appeal, that we would not revisit our decision, and that Mr. Meyerson's ineffective-assistance argument related to Evid.R. 901 lacked merit.

{¶19} To the extent Mr. Meyerson's arguments in his petition for post-conviction relief and in his instant appeal can be construed as challenging the admission of the victim's statements (through Dr. Keck-McNulty's case notes and files) on the basis that they constituted inadmissible hearsay or violated his rights under the Confrontation Clause, this Court's decision in Mr. Meyerson's direct appeal, as well as our ruling on his application for reopening, remains the law of the case. *See State v. Gomez*, 9th Dist. Summit No. 27341, 2014-Ohio-5257, ¶ 8, quoting *Nolan v. Nolan*, 11 Ohio St.3d 1, 3 (1984) ("The law of the case doctrine 'provides that the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all

subsequent proceedings in the case at both trial and reviewing levels.'"). The trial court, therefore, had no discretion to (and did not) disregard this Court's prior decisions. *See id.*

{¶20} Additionally, to the extent Mr. Meyerson's argument relates to the State's alleged failure to properly authenticate Dr. Keck-McNulty's case notes and files under Evid.R. 901, this Court's resolution of that issue in our denial of Mr. Meyerson's application for reopening likewise remains the law of the case. The trial court, therefore, did not err by not holding a hearing on Mr. Meyerson's ineffective-assistance claim related to the introduction of the victim's statements through Dr. Keck-McNulty's case notes and files. *See State v. Godbolt*, 5th Dist. Licking No. 02CA39, 2002-Ohio-6547, ¶ 17 (holding, in part, that the law-of-the-case doctrine precluded the appellant from relitigating previously decided issues in his petition for post-conviction relief).

{¶21} Mr. Meyerson's remaining arguments in support of his first assignment or error likewise lack merit. Mr. Meyerson argues that the trial court erred by not holding a hearing on his ineffective-assistance-of-counsel claim related to his trial counsel's concession of his guilt during closing arguments. For the following reasons, this Court disagrees.

{¶22} Mr. Meyerson's trial counsel acknowledged during his closing argument that Mr. Meyerson admitted to the police that he inflicted burns on the victim. The trial court acknowledged this in its denial of Mr. Meyerson's petition for post-conviction relief, noting that Mr. Meyerson's trial counsel admitted that Mr. Meyerson committed some of the alleged physical abuse as part of his trial strategy. Mr. Meyerson's trial counsel also acknowledged that the evidence related to the burns was "[i]ndisputable[,]" and that he expected the jury to hold Mr. Meyerson accountable for those injuries. Then, in his final comments to the jury before ending his closing argument, Mr. Meyerson's trial counsel stated:

> Please do the hard work of this case. Look at the records. Look at the interviews.
> Look at the pictures. I know it's difficult. Recall the testimony. Use your common

sense. Use your collective wisdom. Convict him of endangering children. Convict him of felonious assault. But do not convict him of rape. The evidence does not sustain that conviction.

Thank you.

**{¶23}** While Mr. Meyerson's trial counsel appears to have conceded Mr. Meyerson's guilt related to the burns, a full review of Mr. Meyerson's trial counsel's closing argument—which spans 30 pages of the trial transcript—does not support Mr. Meyerson's argument that his trial counsel conceded his guilt on all of the felonious assault and child endangering charges.

**{¶24}** Throughout his closing argument, Mr. Meyerson's trial counsel disputed the State's evidence, including the credibility of the witnesses and the physical evidence, related to all of the charges against Mr. Meyerson. In addition to disputing the State's evidence, Mr. Meyerson's trial counsel urged the jury to consider other versions of the events that explained the origin of the victim's head injury. For example, Mr. Meyerson's trial counsel urged the jury to consider the fact that the victim fell in a parking lot a few days prior to the incident, which could have caused the victim's head injury. Thus, when Mr. Meyerson's trial counsel's final comments to the jury are read in the context of the entire, 30-page closing argument, they fall short of the absolute concession of guilt that Mr. Meyerson suggests they were in his merit brief.

**{¶25}** Even assuming that Mr. Meyerson's trial counsel intended to concede Mr. Meyerson's guilt on all of the felonious assault and child endangering charges, which would contradict the vast majority of his closing argument, the affidavit Mr. Meyerson attached to his petition for post-conviction relief did not warrant a hearing on the matter. In his affidavit, Mr. Meyerson averred:

> I told my attorney that I wanted to plead not guilty, and that I was not guilty of any of the crimes for which they were charging me. I denied responsibility for all crimes and actions listed in the indictment, and asked him to defend me on that.

Nowhere in Mr. Meyerson's affidavit did he aver that he expressly objected to his trial counsel's decision to concede his guilt on the felonious assault and child endangering charges during closing arguments, "which would be a prerequisite supporting his argument that reversible error occurred." *State v. Froman*, 162 Ohio St.3d 435, 2020-Ohio-4523, ¶ 142, citing *McCoy v. Louisiana*, 138 S.Ct. 1500, 1511 (2018). Upon review of the record, this Court concludes that the trial court did not err by not holding a hearing on this issue because Mr. Meyerson did not present substantive grounds for relief with respect to this claim. *See State v. Mills*, 9th Dist. Summit No. 29856, 2021-Ohio-1945, at ¶ 5 ("Trial courts considering a timely petition for postconviction relief must first decide whether a hearing is warranted by determining whether there are substantive grounds for relief * * *.").

{¶26} Additionally, Mr. Meyerson's ineffective-assistance claims regarding the suppression of his statements to the police and an allegedly erroneous jury instruction are based on evidence that was contained in the trial court record or was available to Mr. Meyerson at the time of his direct appeal. *See In re D.J.*, 9th Dist. Summit No. 29119, 2020-Ohio-3528, ¶ 13 ("Evidence that is drawn from the trial court record or that was available to the defendant at the time of trial is not evidence outside the record for purposes of determining whether a claim for relief could have been raised on direct appeal."). Mr. Meyerson's submission of a self-serving affidavit related to his statements to the police (i.e., that he gave an official statement to the police because he felt that he did not have a choice) does not change that fact. *Stallings*, 9th Dist. Summit No, 19620, 2000 WL 422423, at *1; *State v. Palmer*, 9th Dist. Summit No. 28723, 2018-Ohio-1486, ¶ 22 (concluding, in part, that the appellant's self-serving affidavit did not meet the threshold standard of cogency required to overcome the doctrine of res judicata). Because Mr. Meyerson could have raised these claims on direct appeal, they were barred res judicata. *See State v. Jackson*,

10th Dist. Franklin No. 01AP-808, 2002-Ohio-3330, ¶ 61 (affirming the trial court's denial of the appellant's petition for post-conviction relief without a hearing, and holding that the appellant's argument regarding his trial counsel's failure to file a motion to suppress "could have been advanced on direct appeal and is, therefore, barred by the doctrine of res judicata."); *State v. Phillips*, 9th Dist. Summit No. 20692, 2002-Ohio-823, ¶ 15 (affirming the trial court's denial of the appellant's petition for post-conviction relief without a hearing, and holding that, "[b]ecause [the appellant's] claimed errors regarding the jury instructions either could have been raised or were raised on direct appeal based on the information contained in the trial court record, we cannot say that the trial court erred in determining that this claim was barred by *res judicata*.").

**{¶27}** Regarding Mr. Meyerson's claim that his trial counsel rendered ineffective assistance by failing to call certain witnesses, the trial court did not err by determining that the evidence Mr. Meyerson submitted in support of this claim, including his mother's affidavit, did not entitle him to a hearing. The Ohio Supreme Court has held that a court considering a petition for post-conviction relief may determine the credibility of affidavits without a hearing after considering "all relevant factors." *Calhoun*, 86 Ohio St.3d at 285 (1999). Those factors include:

> (1) whether the judge reviewing the postconviction relief petition also presided at the trial, (2) whether multiple affidavits contain nearly identical language, or otherwise appear to have been drafted by the same person, (3) whether the affidavits contain or rely on hearsay, (4) whether the affiants are relatives of the petitioner, or otherwise interested in the success of the petitioner's efforts, and (5) whether the affidavits contradict evidence proffered by the defense at trial.

*Id.* A court that discounts the credibility of an affidavit "should include an explanation of its basis for doing so * * * in order that meaningful appellate review may occur." *Id.*

**{¶28}** Here, the trial court noted that it "presided over all pretrial hearings, the jury trial and the sentencing conducted in this case[,]" and that it was in "an optimum position to determine the potential effect of the proffered affidavits, and the credibility of [Mr. Meyerson's] affidavit as

well." The trial court discounted Mr. Meyerson's mother's affidavit on the basis that it was self-serving, and also noted that Mr. Meyerson did not submit anything other than hearsay with respect to the other lay witnesses (i.e., the hotel manager and his aunt). The trial court concluded that the "petition, supporting affidavit[s], and the record do not demonstrate that [Mr. Meyerson] has set forth sufficient operative facts to establish substantive grounds for relief concerning trial counsel's effectiveness." Upon review of the record, this Court concludes that Mr. Meyerson has not established that the trial court abused its discretion when it determined that the affidavits Mr. Meyerson submitted in support of his petition for post-conviction relief were not credible, and that a hearing on those claims was not warranted. *Id.*

{¶29} Regarding Mr. Meyerson's argument related to his trial counsel's failure to call an expert witness, the trial court concluded that this was a matter of trial strategy, which did not amount to ineffective assistance. *See State v. Mohamed*, 151 Ohio St.3d 320, 2017-Ohio-7468, ¶ 18 ("Questionable trial strategies and tactics * * * do not rise to the level of ineffective assistance of counsel."). In doing so, the trial court noted that Mr. Meyerson's trial counsel "aggressively" cross-examined the State's medical expert, and that he sought and received funds for a medical expert, but ultimately decided not to present expert testimony.

{¶30} A review of the unsigned and unsworn letters that Mr. Meyerson submitted in support of his petition for post-conviction relief indicate, in part, that: (1) one doctor concluded that it was possible that the victim's head injury could have stemmed from a fall that occurred a few days prior to the incident; and (2) another doctor concluded that the "bruise found near the anal orifice is not consistent with a fall[,]" that it "could indicate an instrument[,]" and that "there is evidence of attempted penetration but I cannot say that there was definite penetration."

{¶31} Initially, this Court notes that the latter doctor's letter at least partially undermines Mr. Meyerson's position at trial (i.e., that the victim fell on a toy while in the bathtub and/or suffered from constipation), and likely would have supported the State's version of the events (i.e., that Mr. Meyerson penetrated the victim with an instrument). Regarding the former doctor's letter, Mr. Meyerson's trial counsel "aggressively" cross-examined the State's medical expert as to the possible origin of the victim's head injury.

{¶32} Upon review of the record, this Court concludes that the trial court did not err by determining that Mr. Meyerson's trial counsel's decision to not call an expert witness was a matter of trial strategy that did not amount to ineffective assistance, nor did it err by concluding that Mr. Meyerson failed to present sufficient operative facts to establish substantive grounds for relief on this claim. *See Spaulding*, 2018-Ohio-3663, at ¶ 7; *State v. Grad*, 9th Dist. Medina No. 15CA0014-M, 2016-Ohio-8388, ¶ 7, quoting *State v. Nicholas*, 66 Ohio St.3d 431, 436 (1993) ("[T]he failure to call an expert and instead rely on cross-examination does not constitute ineffective assistance of counsel."). The trial court, therefore, did not err by not holding a hearing on this claim.

{¶33} In light of the foregoing, Mr. Meyerson's first assignment of error is overruled.

ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY EMPLOYING RES JUDICATA TO DENY APPELLANT MEYERSON RELIEF.

{¶34} In his second assignment of error, Mr. Meyerson argues that the trial court erred by employing res judicata to deny his claims related to his trial counsel's: (1) failure to move to suppress his statements to the police; (2) alleged concession of his guilt during closing arguments; and (3) failure to call certain witnesses. For the following reasons, Mr. Meyerson's second assignment of error lacks merit.

**{¶35}** As previously noted, if "a trial court denies a petition for post-conviction relief on the basis of an issue of law, such as the doctrine of res judicata, this Court reviews the matter de novo." *State v. Palmer*, 9th Dist. Summit No. 28723, 2018-Ohio-1486, ¶ 19, citing *State v. Tauwab*, 9th Dist. Summit No. 28022, 2017-Ohio-81, ¶ 10.

**{¶36}** As explained in this Court's resolution of Mr. Meyerson's first assignment of error, the trial court did not err by denying Mr. Meyerson's claim related to the suppression of his statements to the police on the basis of res judicata. That same analysis applies here and will not be reiterated.

**{¶37}** Regarding Mr. Meyerson's argument related to his trial counsel's alleged concession of his guilt during closing arguments, the trial court noted that Mr. Meyerson's trial counsel made a strategic choice to admit that Mr. Meyerson committed some of the alleged physical abuse. While the trial court later indicated that all of Mr. Meyerson's claims were barred by res judicata, there is no indication in the trial court's analysis that it specifically denied this claim on the basis of res judicata. Even if it did, however, this Court has already determined that the trial court did not err by not holding a hearing on this issue because Mr. Meyerson did not present substantive grounds for relief. Mr. Meyerson, therefore, has not established any reversible error in this regard.

**{¶38}** Lastly, Mr. Meyerson's argument that the trial court erred by determining that his claim related to his trial counsel's failure to call certain witnesses was barred by res judicata lacks merit. Again, while the trial court did indicate that all of Mr. Meyerson's claims were barred by res judicata, it also specifically addressed Mr. Meyerson's argument regarding his trial counsel's failure to call certain witnesses. To that end, the trial court discounted Mr. Meyerson's mother's affidavit as self-serving, noted that Mr. Meyerson did not present anything other than hearsay

regarding the purported testimony of his aunt and the hotel manager named David, and concluded that Mr. Meyerson's trial counsel's decision to not call an expert witness was a matter of trial strategy, which did not amount to ineffective assistance or entitle Mr. Meyerson to a hearing on his petition. Thus, despite Mr. Meyerson's argument to the contrary, the trial court did not summarily reject these claims on the basis of res judicata.

{¶39} In light of the foregoing, Mr. Meyerson's second assignment of error is overruled.

## ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY DENYING APPELLANT MEYERSON'S PETITION WITHOUT ADDRESSING SEVERAL CLAIMS WHICH WERE ADEQUATELY AND PROPERLY PRESENTED.

{¶40} In his third assignment of error, Mr. Meyerson asserts that the trial court erred by denying his petition for post-conviction relief without addressing several of the claims he presented in his petition. For the following reasons, this Court disagrees.

{¶41} If a trial court dismisses a petition for post-conviction relief, "it shall make and file findings of fact and conclusions of law with respect to such dismissal." R.C. 2953.21(D). This requirement is necessary "'to apprise petitioner of the grounds for the judgment of the trial court and to enable the appellate courts to properly determine appeals in such a cause.'" *Calhoun*, 86 Ohio St.3d at 291, quoting *Jones v. State*, 8 Ohio St.2d 21, 22 (1966). "A trial court need not discuss every issue raised by appellant or engage in an elaborate and lengthy discussion in its findings of fact and conclusions of law. The findings need only be sufficiently comprehensive and pertinent to the issue to form a basis upon which the evidence supports the conclusion." *Calhoun* at 291-292.

{¶42} Here, Mr. Meyerson asserts that the trial court failed to address his claims regarding his trial counsel's failure to: (1) object to the jury instructions; (2) object to the introduction of Dr.

Keck-McNulty's case notes and files, as well as the witness who testified as to those items, under Evid.R. 805, Evid.R. 901, and the Confrontation Clause; (3) demand a hearing under Evid.R. 807 to determine the trustworthiness of the victim's statements to Dr. Keck-McNulty and his grandmother; and (4) object to and require the State to elect the means by which the State alleged he committed felonious assault and child endangering such that the jury would be forced to unanimously agree on the course of action constituting the offense. Mr. Meyerson summarily concludes that the trial court's failure to address these claims "constituted prejudicial error and a pragmatic abuse of discretion."

{¶43} Aside from summarily asserting that the trial court's failure to specifically address some of his claims resulted in prejudicial error, Mr. Meyerson has not developed an argument in support of his third assignment of error. *See* App.R. 16(A)(7) (requiring the appellant's brief to include "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions[.]"). "[T]his Court will not 'guess at undeveloped claims on appeal' or construct arguments to support an assignment of error." *State v. Beverly*, 9th Dist. Summit No. 28627, 2019-Ohio-957, ¶ 6, quoting *McPherson v. Goodyear Tire & Rubber Co.*, 9th Dist. Summit No. 21499, 2003-Ohio-7190, ¶ 31. Notwithstanding, this Court's review of the trial court's 13-page judgment entry denying Mr. Meyerson's petition for post-conviction relief indicates that the trial court's findings were "sufficiently comprehensive and pertinent to the issue to form a basis upon which the evidence supports the conclusion[,]" and enabled this Court to properly determine this appeal. *Calhoun* at 291-292. Accordingly, Mr. Meyerson's third assignment of error is overruled.

III.

**{¶44}** Mr. Meyerson's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JILL FLAGG LANZINGER
FOR THE COURT

HENSAL, P. J.
STEVENSON, J.
CONCUR.

APPEARANCES:

WILLIAM NORMAN, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and JACQUENETTE S. CORGAN, Assistant Prosecuting Attorney, for Appellee.