[Cite as *State v. Adams*, 2026-Ohio-271.]

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO, | Case No. 25CA000014 |
| Plaintiff - Appellee | <u>Opinion And Judgment Entry</u> |
| -vs- | Appeal from the Guernsey County Court of Common Pleas, Case No. 21-CR-396 |
| MAGGIE B. ADAMS, | |
| Defendant – Appellant | Judgment: Reversed |
| | Date of Judgment Entry: January 28, 2026 |

**BEFORE:** William B. Hoffman; Andrew J. King; Robert G. Montgomery, Judges

**APPEARANCES:** MARK A. PERLAKY, for Plaintiff-Appellee; CHRISTOPHER BAZELEY, for Defendant-Appellant.

*Montgomery, J.*

**{¶1}** Petitioner-Appellant, Maggie Adams, appeals from the judgment of the Guernsey County Court of Common Pleas denying her petition for post-conviction relief without a hearing. For the reasons below, we reverse and remand to the trial court for further proceedings consistent with this Opinion.

## STATEMENT OF THE CASE

**{¶2}** In 2022, Petitioner-Appellant Maggie Adams ("Appellant") was found guilty of aggravated drug trafficking and several other drug related offenses after a jury trial. Appellant was sentenced to a minimum prison term of 18 years (all mandatory) and a

maximum prison term of 23 1/2 years.  On November 21, 2022, Appellant timely filed a notice of appeal.  On March 16, 2023, the transcripts of proceedings were filed with this Court.  On December 31, 2023, the Fifth District Court of Appeals affirmed the judgment of this Court in *State v. Adams,* in Case No. 22-CA 45 (5th Dist.).

{¶3}	On March 4, 2024, Appellant filed a pro se Petition to Vacate or Set Aside Judgment.  Several additional procedural matters took place.  The trial court ultimately appointed counsel, and on March 7, 2025, Appellant filed a Supplemental Petition to Vacate or Set Aside Judgment.  Appellant's Petition to Vacate or Set Aside Judgement of Conviction or Sentence together with the Supplemental Petition to Vacate or Set Aside Judgement of Conviction or Sentence, the Defendant alleges five (5) separate claims for relief:

(a)	The Defendant claims denial of her Sixth Amendment, ineffective assistance of counsel;

(b)	The Defendant claims denial of her Fourteenth Amendment, due process rights to a defective indictment;

(c)	The Defendant claims she was denied her Eighth Amendment, right to bail in a timely manner;

(d)	The Defendant claims denial of her Fourth Amendment, violation for illegal detention; and,

(e)	The Defendant claims denial of her Sixth Amendment, right to fair and unbiased jury trial.

{¶4}	The trial court denied Appellant's petition for post-conviction relief without a hearing.  The Judgment Entry states as follows:

The Court concludes as a matter of Law that R.C. 2953.21(A)(2) states in pertinent part that, 'Except as otherwise provided in section 2953.23 of the Revised Code, a petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication.'

The Court concludes as a matter of law that R.C. 2953.23(A) states: 'Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) * * *.'

**{¶5}** The Court then found that the Appellant failed to prove by clear and convincing evidence that, but for constitutional error or trial, no reasonable factfinder would have found Appellant guilty of the offenses for which Appellant was convicted.

## ASSIGNMENTS OF ERROR

**{¶6}** "I. THE TRIAL COURT ERRED WHEN IT DENIED ADAMS A HEARING ON HER PETITION FOR POST-CONVICTION RELIEF."

**{¶7}** "II. THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT OVERRULED ADAMS' PETITION FOR POST-CONVICTION RELIEF."

## STANDARD OF REVIEW AND ANALYSIS

### Post-conviction Relief Generally – R.C. 2953.21

**{¶8}** In Ohio, "[a]ny person who has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States" is permitted to "file a petition in the court that imposed [the] sentence,

* * * asking the court to vacate or set aside the judgment or sentence." R.C. 2953.21(A)(1)(a)(i); *State v. Johnson*, 2024-Ohio-134. The petitioner "may file a supporting affidavit and other documentary evidence in support of the claim for relief." R.C. 2953.21(A)(1)(b); *State v. Meyerson*, 2023-Ohio-708, ¶ 11 (9th Dist.).

{¶9} The Ohio Supreme Court defines a post-conviction proceeding as a collateral civil attack on the judgment, such that the right to file for such relief is a statutory right, not a constitutional one. *State v. Calhoun*, 86 Ohio St.3d 279, 281 (1999); *State v. Broom*, 2016-Ohio-1028, ¶ 28. The post-conviction relief proceeding is a narrow remedy designed to determine whether "there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States." R.C. 2953.21(A)(1)(a). Therefore, a post-conviction petitioner "receives no more rights than those granted by the statute." *Calhoun*, at 281; *accord*, *State v. Atkinson*, 2020-Ohio-3122, ¶ 3 (5th Dist.).

{¶10} Generally, the decision to deny a petition for post-conviction relief without holding an evidentiary hearing is within the sound discretion of the trial court. *State v. Lichtenwalter*, 2021-Ohio-1394 (5th Dist.). An abuse of discretion implies that the decision is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217 (1983). A reviewing court should not overrule the trial court's finding on a petition for post-conviction relief if it is supported by competent and credible evidence. *State v. Gondor*, 2006-Ohio-6679, ¶ 58.

{¶11} An individual must file his or her petition within the required statutory time frame. R.C. 2953.21(A)(2)(a) provides, "[e]xcept as otherwise provided in [R.C. 2953.23], a petition * * * shall be filed no later than three hundred sixty-five days after the date on

which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction * * *." (Emphasis added.)  Trial courts considering a timely petition for post-conviction relief must first determine if a hearing is warranted.  *Meyerson*, ¶ 12.  In determining whether a hearing is required, the Ohio Supreme Court mandates that the pivotal concern is whether there are "substantive grounds for relief" which would warrant a hearing based upon the petition, the supporting affidavits, and the files and records of the case.  *State v. Jackson*, 64 Ohio St.2d 107, 111 (1980).  Thus, the court must consider, the petition, the supporting affidavits, any documentary evidence, and all the files and records pertaining to the proceedings against the petitioner.  R.C. 2953.21(D).

### Untimely Petitions - R.C. 2953.23

{¶12}  If a post-conviction petition is untimely, a trial court generally lacks subject-matter jurisdiction to adjudicate the petition unless an exception applies. *State v. Apanovitch,* 2018-Ohio-4744, ¶¶ 36, 38.  R.C. 2953.23 governs the trial court's jurisdiction to hear untimely and successive petitions.  R.C. 2953.23(A) states: "Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless division (A)(1) or (2) of this section applies:

(1) Both of the following apply:

(a)    Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an

earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.

(b)     The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.

{¶13}  A court may not entertain a late petition unless "both of the following apply": (1) that he "was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim" and (2) "[t]he petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty." *State v. Mackey*, 2018-Ohio-516, ¶ 7, citing R.C. 2953.23(A).

### Trial Court's Application of Outdated Version of R.C. 2953.21

{¶14}  Appellant's second assignment of error asserts that the trial court applied an outdated version of the statute, presumably finding that appellant's petition was untimely because it was beyond 180 days from the filing of the transcript.  Appellant asserts that the current version requires a petitioner to file within 365 days of the transcript being filed in the direct appeal.  We agree.

{¶15}  The Judgment Entry indeed demonstrates the trial court applied a previous version of R.C. 2953.21(A)(2), mandating that a petitioner had to file within 180 days after

the date on which the trial transcript is filed in the court of appeals in the direct appeal. The current applicable version extends that time frame to within 365 days after the date on which the trial transcript is filed in the court of appeals. Because the trial court determined the petition was untimely, it analyzed the petition as under R.C. 2953.23 and cited R.C. 2953.23(A)(1)(b) as the basis for denying same without a hearing. The court stated that Appellant "failed to prove by clear and convincing evidence that, but for constitutional error or trial, no reasonable factfinder would have found Appellant guilty of the offenses for which Appellant was convicted." *Judgment Entry*, p. 4.

{¶16} Because the trial court applied the outdated version of the statute and found Appellant's petition untimely, its further analysis under R.C. 2953.23(A) is flawed. The record demonstrates that the transcripts were filed in the direct appeal on March 16, 2023. On March 4, 2024, Appellant filed her initial pro se petition for relief. Thus, Appellant's petition was within the 365 day time-period. As a result, we must reverse this matter to the trial court to properly analyze Appellant's timely petition. Accordingly, Appellant's second assignment of error is sustained in part. We decline to address any remaining assignment of error and/or any additional arguments as it would be premature for the Court to do so at this time.

## CONCLUSION

{¶17} For the reasons stated in our accompanying Opinion, the judgment of the Guernsey County Court of Common Pleas is Reversed. Appellant's second assignment of error is sustained in part, and the matter is remanded to the trial court for further proceedings consistent with this opinion.

{¶18} Costs to Appellee.


By: Montgomery, J.

Hoffman, P.J. and

King, J. concur.