[Cite as *State v. Lewis*, 2024-Ohio-5271.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|                              |   | JUDGES:                        |
| :--------------------------- | - | :----------------------------- |
| STATE OF OHIO                | : | Hon. W. Scott Gwin, P.J.        |
|                              | : | Hon. William B. Hoffman, J.     |
| Plaintiff-Appellee           | : | Hon. Andrew J. King, J.         |
|                              | : |                                |
| -vs-                         | : |                                |
|                              | : | Case No. 24 CAA 06 0039         |
| KENNETH LEWIS                | : |                                |
|                              | : |                                |
| Defendant-Appellant          | : | OPINION                         |

CHARACTER OF PROCEEDING:     Appeal from the Delaware County Court of
                             Common Pleas, Case No. 20 CRI-08-0555

JUDGMENT:                    Affirmed

DATE OF JUDGMENT ENTRY:      November 1, 2024

APPEARANCES:

For Plaintiff-Appellee              For Defendant-Appellant

MELISSA A. SCHIFFEL                 KENNETH LEWIS # 785-946
Delaware County Prosecutor          London Correctional Institution
By: KATHERYN L. MUNGER              Box 69
Assistant Prosecutor                London, OH 43130
145 North Union Street
Delaware, OH 43015

*Gwin, P.J.*

{¶1}    Appellant Kenneth Lewis appeals the May 24, 2024 judgment entry of the Delaware County Court of Common Pleas denying his motion to vacate judgment entry of sentence.  Appellee is the State of Ohio.

*Facts & Procedural History*

{¶2}    Appellant entered the Cashland pawn shop on August 28, 2020, wearing a mask and carrying a gun.  Appellant grabbed a female employee by the arm, and asked where the money was kept.  He then ordered two employees into the office and ordered one to lay face-down while he forced the other man to help him access the safes. Appellant stole cash and jewelry, and then ordered the employees to stay down while he exited the premises.  Appellant was identified on surveillance camera from a nearby business.  Later, appellant explained to a fellow inmate how he committed the robbery.

{¶3}    On September 18, 2020, appellant was indicted on one count of aggravated robbery in violation of R.C. 2911.01(A)(1) and two counts of kidnapping in violation of R.C. 2905.01(B)(2), with accompanying firearm specifications and repeat violent offenders specification on each count.  The jury found appellant guilty on all counts, but acquitted him of the firearm specifications.  The trial court sentenced appellant to serve a minimum of eleven years on Count One, a minimum of eleven years on Count Two, and a minimum of eleven years on Count Three, to be served consecutively for an aggregate sentence of thirty-three to thirty-eight and a half years in prison.

{¶4}    Appellant filed a direct appeal of his conviction and sentence, and argued as follows:  (1) the trial court committed reversible error by admitting two pieces of evidence used to link him to the crime charged:  an improperly authenticated CVS

surveillance video containing footage of the suspect, and a "surprise" witness; (2) the evidence that appellant was the person who committed the crimes was legally insufficient as a matter of law; and (3) the trial court should have merged appellant's aggravated robbery offense with his kidnapping charges. In *State v. Lewis*, 2022-Ohio-1850, we overruled appellant's assignments of errors, and affirmed appellant's conviction and sentence.

{¶5} On August 17, 2022, appellant filed an application to reopen his direct appeal. We denied his motion on November 18, 2022. Appellant attempted to file a second motion to reopen on February 10, 2023. We denied the motion on March 16, 2023. On March 29, 2023, appellant filed an "application for leave to seek delayed reconsideration." This Court denied the motion on May 31, 2023. Appellant filed a motion for delayed appeal of his direct appeal with the Ohio Supreme Court. The Ohio Supreme Court denied appellant's motion.

{¶6} Appellant then filed a motion with this Court for leave to file a delayed appeal, citing the alleged failure of his counsel to appeal the trial court's January 27, 2021 denial of his motion for a new trial. We denied his motion for leave to file a delayed appeal. Appellant filed a motion for reconsideration, which this Court denied. The Supreme Court declined to accept appellant's appeal of our denial on March 7, 2024.

{¶7} Appellant filed a motion to vacate void judgment on May 2, 2024. In his motion, appellant argued: the State did not prove appellant had a firearm or brandished a weapon and thus the State failed to prove an element of the aggravated robbery offense; the State did not prove appellant restrained the liberty of another that created a substantial risk of serious physical harm and thus the State failed to prove an element of

the kidnapping offenses; the trial court violated appellant's due process when it allowed a "surprise witness" to be added to the State's witness list; the trial court violated appellant's constitutional rights by allowing an unauthorized CVS video to be shown to the jury during trial; the trial court failed to consider R.C. 2929.11 and R.C. 2929.12 in its determination of his sentence; and the trial court violated his constitutional rights by imposing maximum consecutive sentences. Appellant attached his own affidavit to the motion, which stated the exhibits presented in his motion to vacate are copies of the originals.

{¶8} The trial court issued a judgment entry on May 24, 2024, denying appellant's petition for post-conviction relief. The trial court found the claims appellant raises in his petition were raised or could have been raised by appellant in his direct appeal and thus are barred by the doctrine of res judicata. The trial further stated that appellant presented no new post-trial evidence or other new information that might justify his effort to present his claims three years after he filed his direct appeal.

{¶9} Appellant appeals the May 24, 2024 judgment entry of the Delaware County Court of Common Pleas and assigns the following as error:

{¶10} "I. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DISMISSED APPELLANT'S POST-CONVICTION PETITION FOR RELIEF WITHOUT GRANTING AN EVIDENTIARY HEARING AND APPOINTING AN ATTORNEY."

{¶11} "II. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DISMISSED APPELLANT'S POST-CONVICTION PETITION BASED ON RES JUDICATA WITHOUT FINDINGS OF FACTS AND CONCLUSIONS OF LAW, WHICH SHALL BE FILED WITH THE RECORD OF THE CASE."

{¶12} "III. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DISMISSED APPELLANT'S POST-CONVICTION PETITION WITHOUT THE STATE'S MEMORANDUM OPPOSING APPELLANT'S PETITION FOR RELIEF."

{¶13} "IV. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DISMISSED APPELLANT'S POST-CONVICTION PETITION BASED ON RES JUDICATA FOR NEWLY-DISCOVERED EVIDENCE THAT DEHORS THE RECORD."

{¶14} "V. IF THE TRIAL COURT ACTS IN A MANNER CONTRARY TO THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT TO THE U.S. CONSTITUTION, HIS JUDGMENT SHOULD BE RENDERED VOID FOR THE AGGRAVATED ROBBERY AND KIDNAPPING OFFENSES."

{¶15} "VI. WHEN THE TRIAL COURT ACTS IN A MANNER CONTRARY TO THE DUE PROCESS CLAUSE OF THE FOURTEENTH AND FIFTH AMENDMENT TO THE U.S. CONSTITUTION WHEN IMPOSING MULTIPLE MAXIMUM AND CONSECUTIVE SENTENCES HIS JUDGMENT SHOULD BE VOID AND VACATED."

{¶16} "VII. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT ALLOWED UNAUTHORIZED AND UNAUTHENTICATED EVIDENCE TO BE ADMISSIBLE VIOLATING THE FOURTH AND SIXTH AMENDMENT RIGHTS PURSUANT TO THE FOURTEENTH AMENDMENT OT THE U.S. CONSTITUTION."

{¶17} VIII. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT ALLOWED UNTIMELY DISCOVERY OF A LATE WITNESS TESTIMONY TO BE ADMISSIBLE, VIOLATING THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT TO THE U.S. CONSTITUTION."

*Timeliness of Petition*

{¶18} We must first address the timeliness of appellant's petition. R.C. 2953.21(A)(2) provides a petition for postconviction relief "shall be filed no later than three hundred sixty-five days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction." Here, the transcripts were filed in appellant's direct appeal on August 30, 2021. His petition was filed more than two years later. A trial court has no jurisdiction to hear an untimely petition for postconviction relief unless the movant meets the requirements set forth in R.C. 2953.23(A). *State v. Walker*, 2012-Ohio-3905 (5th Dist.).

{¶19} In order for a court to recognize an untimely post-conviction petition, both of the following requirements must apply: (a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petitioner asserts a claim based on that right; and (b) the petitioner shows by clear and convincing evidence that, but for the constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted. R.C. 2953.23(A)(1).

{¶20} In his motion, appellant failed to provide any reason for the delay in filing. Accordingly, appellant failed to satisfy the statutory exceptions to the untimely filing of a petition for post-conviction relief pursuant to R.C. 2953.23(A)(1). A petitioner's failure to satisfy R.C. 2953.23(A) deprives a trial court of jurisdiction to adjudicate the merits of an

untimely or successive postconviction petition. *State v. Apanovitch*, 2018-Ohio-4744. Accordingly, the trial court did not commit error in denying appellant's petition without a hearing.

I. & II.

{¶21} In appellant's first and second assignments of error, appellant contends the trial court committed error in denying his post-conviction petition because the trial court improperly applied the doctrine of res judicata, because the trial court failed to appoint him counsel, and because the trial court failed to issue findings of fact and conclusions of law.

{¶22} Appellant first argues the trial court improperly denied his petition on the basis of res judicata. Pursuant to the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding, other than a direct appeal from the judgment, any defense or lack of due process that was raised or could have been raised at the trial which resulted in the judgment of conviction, or on appeal from that judgment. *State v. Szefcyk*, 77 Ohio St.3d 93 (1996).

{¶23} We find the issues raised by appellant in his motion and in the instant appeal are issues which were cognizable upon direct appeal from his judgment of conviction and sentence. Appellant's collateral attack on the judgment on these grounds is barred by res judicata. *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967).

{¶24} Appellant also contends the trial court committed error in failing to appoint him counsel. While appellant did ask the trial court to appoint him counsel in order to pursue a delayed appeal, that judgment entry was issued on February 6, 2024, and

appellant did not appeal that ruling.  The judgment at issue in this case is dated May 24, 2024.  Accordingly, the issue is not properly before this Court.  Further, a petition for post-conviction relief is a civil matter.  An indigent criminal defendant has neither a federal nor a state constitutional right to be represented by an attorney in a post-conviction relief proceeding.  *Pennsylvania v. Finley*, 481 U.S. 551 (1987); *State v. Crowder*, 60 Ohio St.3d 151 (1991); *State v. Hamm*, 2024-Ohio-1621 (5th Dist.).

**{¶25}**  As to appellant's argument regarding the trial court failing to issue findings of fact and conclusions law, although the trial court did not label the "findings of fact" and "conclusions of law" in its judgment entry, the court specifically explained why it was denying appellant's petition.  The findings of fact and conclusions of law required by R.C. 2953.21(H) should be explicit enough to give the appellate court a clear understanding of the basis of the trial court's decision and enable it to determine the grounds on which the trial court reached its decision.  *State v. Jacks*, 2000 WL 329740 (5th Dist.), citing *State v. Lester*, 41 Ohio St.2d 51 (1975).  The purpose of requiring the trial court to include findings of fact and conclusions of law in its judgment entry is to sufficiently apprise both the petitioner and the potential appellate court of the grounds for its decision.  *State v. Staats*, 2016-Ohio-2921 (5th Dist.).  In its judgment entry, the trial court sufficiently apprised both appellant and this Court of the grounds for its decision.

**{¶26}**  Further, because appellant failed to satisfy the statutory exceptions to the untimely filing of a petition for post-conviction relief pursuant to R.C. 2953.23(A)(1), his petition was untimely.  Because appellant's petition was untimely, the trial court was not required to make any findings of fact or conclusions of law.  *State v. Robinson*, 2022-Ohio-3566 (5th Dist.).  "If a petition for postconviction relief is untimely, the trial court [has]

no clear duty to issue findings of fact or conclusions of law." *Dillon v. Cottrill*, 2015-Ohio-1785 (5th Dist.).

{¶27} Appellant's first and second assignments of error are overruled.

III.

{¶28} In his third assignment of error, appellant contends the trial court erred in denying appellant's petition when the State had not yet filed a response to appellant's petition. We disagree. A trial court may rule on a post-conviction petition without the State having filed a response. *State ex rel. Manning v. Montgomery*, 39 Ohio St.3d 140 (1988); *State v. Roberts*, 66 Ohio App.3d 654 (9th Dist.) (appellant cannot compel the prosecutor to respond to his petition, but, rather should request the trial court to proceed on his motion without the prosecutor's response). Appellant's third assignment of error is overruled.

IV.

{¶29} In appellant's fourth assignment of error, he argues the trial court committed error in denying his petition because he had "new" evidence in the form a document from CVS demonstrating that the surveillance video from CVS was "illegally obtained." Appellant attaches to his petition Exhibit C, which he says demonstrates that CVS did not approve the use of the evidence at trial. Exhibit C is a form from CVS Health stating "any surveillance images captured by CVS are the property of the Company and cannot be released publicly without the prior consent of CVS Corporate Communications or the Legal Department." However, appellant does not state how or why he was unavoidably prevented from discovering this information earlier. Further, appellant knew about this information during his trial, because his trial counsel objected to the video being played

at trial.  In our opinion on appellant's direct appeal, we found "Smith [the store manager] provided the surveillance video to law enforcement even though she was not authorized by CVS to do so.  The trial court admitted the video into evidence over appellant's objection."  We found no error in the admission of the video.  Because this is an issue that has been addressed in appellant's direct appeal, we find appellant's argument barred by the doctrine of res judicata.  Appellant's fourth assignment of error is overruled.

V.

{¶30}  In his fifth assignment of error, appellant contends the trial court erred in denying his petition because the State failed to prove all of the elements of the aggravated robbery offense and failed to prove all of the elements of the kidnapping offenses.  However, these are issues which were cognizable upon direct appeal from his conviction and sentence.  This collateral attack is barred by res judicata.  *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967).  Appellant's fifth assignment of error is overruled.

VI.

{¶31}  In his sixth assignment of error, appellant argues the trial court committed error in denying his petition because the trial court acted contrary to due process when imposing maximum consecutive sentences.  In his direct appeal, appellant argued the trial court should have merged appellant's robbery offense with his kidnapping charges.  We overruled that assignment of error in appellant's direct appeal.  Any sentencing issues such as merger or consecutive sentences are issues which were either addressed on direct appeal, or issues that could have been addressed in appellant's direct appeal.  Thus, these arguments are barred by the doctrine of res judicata.  Appellant's sixth assignment of error is overruled.

## VII. & VIII.

**{¶32}** In his seventh and eighth assignments of error, appellant contends the trial court erred in denying his petition because there was no foundation for the surveillance video that was admitted into evidence at trial, and because the trial court improperly let a "surprise" witness testify who was not on the witness list prior to trial.

**{¶33}** Both of these issues were addressed in appellant's direct appeal. One of appellant's assignments of error in his direct appeal was, "the trial court committed reversible error by admitting two pieces of evidence: improperly authenticated CVS video footage of the suspect, and a surprise witness." We found the trial court did not abuse its discretion by admitting the video footage obtained from the CVS, and the trial court did not abuse its discretion in admitting the testimony of the alleged "surprise" witness. Because these issues were specifically addressed in appellant's direct appeal, appellant's collateral attack is barred by the doctrine of res judicata. *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967). Appellant's seventh and eighth assignments of error are overruled.

**{¶34}** Based on the foregoing, appellant's assignments of error are overruled. The May 24, 2024 judgment entry of the Delaware County Court of Common Pleas is affirmed.

By Gwin, P.J.,

Hoffman, J., and

King, J., concur