[Cite as *State v. Lewis*, 2025-Ohio-730.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. Andrew J. King, J. |
| | : | Hon. Robert G. Montgomery, J. |
| -vs- | : | |
| | : | |
| KENNETH LEWIS | : | Case No. 24 CAA 11 0095 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:                    Appeal from the Court of Common
                                                                      Pleas, Case No. 20CR I 08 0555

JUDGMENT:                                                    Affirmed

DATE OF JUDGMENT:                                 March 5, 2025

APPEARANCES:

For Plaintiff-Appellee                                  For Defendant-Appellant

KATHERYN L. MUNGER                          KENNETH LEWIS, PRO SE
145 North Union Street                              #785-946
Delaware, OH  43015                                 London Correctional Institution
                                                                      P.O. Box 69
                                                                      London, OH  43140

*King, J.*

{¶ 1} Defendant-Appellant, Kenneth Lewis, appeals the October 3, 2024 judgment entry of the Court of Common Pleas of Delaware County, Ohio, denying his motion for leave to file a motion for postconviction relief to vacate or set aside judgment of conviction and sentence and a motion for leave to file a new trial instanter. Plaintiff-Appellee is the State of Ohio. We affirm the trial court.

FACTS AND PROCEDURAL HISTORY

{¶ 2} On September 18, 2020, the Delaware County Grand Jury indicted Lewis on one count of aggravated robbery in violation of R.C. 2911.01 and two counts of kidnapping in violation of R.C. 2905.01, with accompanying firearm and repeat violent offender specifications on each count. The charges arose from the robbery of a pawn shop while employees were present.

{¶ 3} A jury trial commenced on January 12, 2021. The jury found Lewis guilty on all counts, except for the firearm specifications. By judgment entry filed March 10, 2021, the trial court sentenced Lewis to an aggregate term of thirty-three to thirty-eight and one-half years in prison.

{¶ 4} Lewis filed an appeal, arguing: (1) the trial court committed reversible error by admitting two pieces of evidence used to link him to the crime charged: an improperly authenticated CVS surveillance video containing footage of the suspect, and a surprise witness; (2) the evidence that he was the person who committed the crimes was legally insufficient as a matter of law; and (3) the trial court should have merged his aggravated robbery offense with his kidnapping offenses. This court reviewed Lewis's arguments and affirmed his convictions and sentence. *State v. Lewis*, 2022-Ohio-1850 (5th Dist.).

{¶ 5} Lewis filed with this court numerous motions: to reopen his direct appeal, for reconsideration, and for leave to seek delayed reconsideration, all denied. Lewis filed with the Supreme Court of Ohio a motion for delayed appeal of his direct appeal which was denied. *State v. Lewis*, 2023-Ohio-3670. Lewis also filed with this court a motion for leave to file a delayed appeal, citing his appellate counsel's failure to appeal the trial court's denial of his motion for a new trial. The motion was denied, as well as a subsequent motion for reconsideration.

{¶ 6} On May 2, 2024, Lewis filed with the trial court a motion to vacate void judgment, arguing: (1) the State did not prove he had a firearm or brandished a weapon and thus the State failed to prove an element of the aggravated robbery offense; (2) the State did not prove he restrained the liberty of another that created a substantial risk of serious physical harm and thus the State failed to prove an element of the kidnapping offenses; (3) the trial court violated his due process when it allowed a surprise witness to be added to the State's witness list; (4) the trial court violated his constitutional rights by allowing an unauthorized CVS video to be shown to the jury during trial; (5) the trial court failed to consider R.C. 2929.11 and R.C. 2929.12 in its determination of his sentence; and (6) the trial court violated his constitutional rights by imposing maximum consecutive sentences. By judgment entry filed May 24, 2024, the trial court treated the motion as a petition for postconviction relief and denied it. The trial court found the claims raised were raised or could have been raised by Lewis in his direct appeal and thus were barred by the doctrine of res judicata. The trial court further found Lewis presented no new post-trial evidence or other new information that might justify his effort to present his claims three years after he filed his direct appeal.

{¶ 7} Lewis filed an appeal, arguing: (1) the trial court abused its discretion when it dismissed his postconviction petition for relief without granting an evidentiary hearing and appointing an attorney; (2) the trial court abused its discretion when it dismissed his postconviction petition based on res judicata without findings of facts and conclusions of law; (3) the trial court abused its discretion when it dismissed his postconviction petition without the State's memorandum opposing his petition for relief; (4) the trial court abused its discretion when it dismissed his postconviction petition based on res judicata for newly-discovered evidence that dehors the record; (5) the trial court acted in a manner contrary to the due process clause of the Fourteenth Amendment to the U.S. Constitution therefore his judgment should be rendered void for the aggravated robbery and kidnapping offenses; (6) the trial court acted in a manner contrary to the due process clause of the Fourteenth and Fifth Amendments to the U.S. Constitution when it imposed multiple maximum and consecutive sentences therefore his judgment should be void and vacated; (7) the trial court abused its discretion when it allowed unauthorized and unauthenticated evidence to be admissible violating the Fourth and Sixth Amendment rights pursuant to the Fourteenth Amendment of the U.S. Constitution; and (8) the trial court abused its discretion when it allowed untimely discovery of a late witness testimony to be admissible, violating the due process clause of the Fourteenth Amendment to the U.S. Constitution. This court reviewed Lewis's arguments and affirmed the trial court's decision. *State v. Lewis*, 2024-Ohio-5271 (5th Dist.).

{¶ 8} On September 27, 2024, Lewis filed with the trial court a motion for leave to file a motion for postconviction relief to vacate or set aside judgment of conviction and sentence and a motion for leave to file a new trial instanter, arguing his trial counsel was ineffective for: (1) failing to argue the State failed to invoke the trial court's jurisdiction by

not including the charges of kidnapping in the initial complaint, affidavit of probable cause or the arrest warrant; (2) failing to prepare a defense during trial or in his closing argument and in his Crim.R.29 motion for acquittal, in where the State failed to prove the deadly weapon element of the aggravated robbery and the element of substantial risk of serious physical harm of the kidnapping; (3) failing to argue the merits of his pro se motion for new trial; (4) failing to object to the imposition of multiple and maximum consecutive sentences for a single episode of criminal conduct which violated the Double Jeopardy Clause in conjunction with the Due Process Clause; (5) failing to move to suppress the illegally obtained CVS video evidence in which the seizure and use of violated the Fourth Amendment; (6) failing to argue that neither victims or witnesses made an out of court or in court identification of him and the detectives' in court identification was unduly suggestive; (7) failing to argue a discovery violation and request a continuance upon the discovery of a surprise witness that was not on the witness list and failing to review the detective interview and summary report of the surprise witness; (8) failing to object to detective testimony to cell phone location and to challenge the DNA expert testimony and to argue the State violated Crim.R. 16(k); (9) failing to object and argue the inaccurate time stamp on the home surveillance video; and (10) failing to argue the charges were allied offenses and should have merged.  By judgment entry filed October 3, 2024, the trial court denied the motion.  The trial court found the motion was an untimely and successive petition for postconviction relief.  The trial court further found once again, the claims raised were raised or could have been raised by Lewis in his direct appeal and thus were barred by the doctrine of res judicata and he did not rely on any information outside the record.

{¶ 9}   Lewis filed an appeal with the following assignments of error:

I

{¶ 10} "THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED PLAIN ERROR IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENT TO THE U.S. CONSTITUTION AND ARTICLE 1, SECTION 16 OF THE OHIO CONSTITUTION WHEN IT DENIED PETITIONER'S POST CONVICTION AS UNTIMELY AND BASED ON RES JUDICATA."

II

{¶ 11} "THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED PLAIN ERROR IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENT AND ARTICLE 1 SECTION 16 OF THE OHIO CONSTITUTION WHEN IT DENIED PETITIONER'S POST CONVICTION RELIEF WITHOUT AN EVIDENTIARY HEARING."

III

{¶ 12} "TRIAL COUNSEL WAS INEFFECTIVE IN VIOLATION OF THE SIXTH AMENDMENT TO THE U.S. CONSTITUTION AND SECTION 10, ARTICLE 1 OF THE OHIO CONSTITUTION FOR FAILING TO ARGUE THAT THE TRIAL COURT LACKED SUBJECT MATTER JURISDICTION AS THERE WAS NO CHARGES OF KIDNAPPING IN THE CRIMINAL COMPLAINT, AFFIDAVIT AND ARREST WARRANT."

IV

{¶ 13} "TRIAL COUNSEL WAS INEFFECTIVE IN VIOLATION OF SIXTH AND FOURTEENTH AMENDMENT WHEN HE FAILED TO PREPARE A DEFENSE DURING TRIAL OR IN HIS CLOSING ARGUMENT AND HIS CRIMINAL RULE 29 MOTION FOR ACQUITTAL, IN WHERE THE STATE FAILED TO PROVE THE DEADLY WEAPON ELEMENT OR AGGRAVATED ROBBERY AND THE ELEMENT OF SUBSTANTIAL RISK OF PHYSICAL HARM IN THE KIDNAPPING CHARGES."

V

{¶ 14} "TRIAL COUNSEL WAS INEFFECTIVE IN VIOLATION OF THE SIXTH AMENDMENT AND ARTICLE 1 SECTION 16 OF THE OHIO CONSTITUTION WHEN HE FAILED TO ARGUE THE MERITS OF HIS CLIENT PRO SE MOTION FOR A NEW TRIAL UNDER OHIO CRIMINAL RULE 33 (A)."

VI

{¶ 15} "TRIAL COUNSEL WAS INEFFECTIVE IN VIOLATION OF THE SIXTH AMENDMENT TO THE U.S. CONSTITUTION WHEN HE FAILED TO OBJECT TO THE IMPOSITION OF MULTIPLE AND MAXIMUM CONSECUTIVE SENTENCES FOR A SINGLE EPISODE OF CRIMINAL CONDUCT IN WHICH VIOLATED THE FIFTH AMENDMENT DOUBLE JEOPARDY CLAUSE IN CONJUNCTION WITH THE FOURTEENTH AMENDMENT DUE PROCESS CLAUSE AND ARTICLE 1 SECTION 16 OF THE OHIO CONSTITUTION."

VII

{¶ 16} "TRIAL COUNSEL WAS INEFFECTIVE IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENT TO THE U.S. CONSTITUTION WHEN HE FAILED TO MOVE TO SUPPRESS THE ILLEGALLY OBTAINED CVS VIDEO EVIDENCE IN WHICH THE SEIZURE AND USE OF THIS VIDEO VIOLATED THE FOURTH AMENDMENT IN CONJUNCTION WITH THE FOURTEENTH AMENDMENT TO THE U.S. CONSTITUTION."

VIII

{¶ 17} "TRIAL COUNSEL WAS INEFFECTIVE IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENT WHEN HE FAILED TO PRESENT AN IDENTITY DEFENSE AS NEITHER VICTIMS OR WITNESSES MADE AN OUT OF COURT OR IN

COURT IDENTIFICATION POINTING TO THE DEFENDANT AS THE PERSON COMMITTED THE OFFENSE AND ALSO FAILED TO ARGUE THAT THE DETECTIVES IN COURT AND OUT OF COURT IDENTIFICATION WAS UNDULY SUGGESTIVE."

IX

{¶ 18} "TRIAL COUNSEL WAS INEFFECTIVE IN VIOLATION OF THE SIXTH AMENDMENT IN CONJUNCTION TO THE FOURTEENTH AMENDMENT OF THE U.S. CONSTITUTION WHEN HE FAILED TO REQUEST FOR A CONTINUANCE UPON THE DISCOVERY VIOLATION OF A SURPRISE WITNESS AND COUNSEL ALSO FAILED TO REVIEW THE DETECTIVES INTERVIEW AND SUMMARY REPORT OF THE SURPRISE WITNESS WITH HIS CLIENT."

X

{¶ 19} TRIAL COUNSEL WAS INEFFECTIVE IN VIOLATION OF THE SIXTH AMENDMENT TO THE U.S. CONSTITUTION WHEN HE FAILED TO OBJECT TO THE DETECTIVES TESTIMONY TO CELL PHONE LOCATION AS HE WAS NOT AN EXPERT WITNESS ON THE WITNESS LIST AND ALSO FAILED TO CHALLENGE THE DNA EXPERT TESTIMONY BY AFFORDING AN INDEPENDENT EXPERT OR ADVICE FROM SUCH EXPERT. COUNSEL FAILURE TO ARGUE THIS CRIMINAL RULE 16(K) VIOLATION PROVED HIM TO BE PERFUNCTORY AND INEFFECTIVE."

XI

{¶ 20} "TRIAL COUNSEL WAS INEFFECTIVE IN VIOLATION OF THE SIXTH AMENDMENT TO THE CONSTITUTION WHEN HE FAILED TO OBJECT TO THE INACCURATE TIME STAMP OF MARK JOHNSON HOME SURVEILLANCE VIDEO THAT THE STATE RELIED ON AS EVIDENCE DURING THE TRIAL."

XII

{¶ 21} "TRIAL COUNSEL WAS INEFFECTIVE IN VIOLATION OF SIXTH AMENDMENT TO THE U.S. CONSTITUTION WHEN HE FAILED TO ARGUE THAT THE DEFENDANT'S CHARGES ARE ALLIED OFFENSES DUE TO MERGE PURSUANT TO R.C. 2941.25(A) IN WHICH VIOLATED THE FIFTH AMENDMENT DOUBLE JEOPARDY CLAUSE TO THE U.S. CONSTITUTION."

II

{¶ 22} In his second assignment of error, Lewis claims the trial court abused its discretion and committed plain error when it denied his postconviction motion without holding an evidentiary hearing. We disagree.

{¶ 23} A trial court's decision to deny a petition for postconviction relief without holding an evidentiary hearing is left to the sound discretion of the trial court. *State v. Lichtenwalter*, 2021-Ohio-1394 (5th Dist.). "Abuse of discretion" means an attitude that is unreasonable, arbitrary or unconscionable. *Huffman v. Hair Surgeon, Inc.*, 19 Ohio St.3d 83, 87 (1985). Most instances of abuse of discretion will result in decisions that are simply unreasonable, rather than decisions that are unconscionable or arbitrary. *AAAA Enterprises, Inc. v. River Place Community Urban Redevelopment Corp.,* 50 Ohio St.3d 157, 161 (1990). An unreasonable decision is one backed by no sound reasoning process which would support that decision. *Id.* "It is not enough that the reviewing court, were it deciding the issue de novo, would not have found that reasoning process to be persuasive, perhaps in view of countervailing reasoning processes that would support a contrary result." *Id.* "But 'the question whether a court of common pleas possesses subject-matter jurisdiction to entertain an untimely petition for postconviction relief is a

question of law, which appellate courts review de novo.'" *State v. Apanovitch*, 2018-Ohio-4744, ¶ 24, quoting *State v. Kane*, 2017-Ohio-7838, ¶ 9 (10th Dist.).

{¶ 24} As explained in Lewis's prior appeal, R.C. 2953.21(A)(2) states a petition for postconviction relief "shall be filed no later than three hundred sixty-five days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction." *Lewis,* 2024-Ohio-5271, at ¶ 18 (5th Dist.). Here, the transcripts were filed in Lewis's direct appeal on August 30, 2021. His latest postconviction motion was filed more than three years later. Under R.C. 2953.23(A), "a court may not entertain a petition filed after the expiration of the period prescribed . . . or a second petition or successive petitions for similar relief" unless:

(1) Both of the following apply:

(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.

(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error

at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.

{¶ 25} Lewis's motion alleged in part ineffective assistance of counsel. Before a petitioner can be granted a hearing in proceedings for postconviction relief upon a claim of ineffective assistance of counsel, petitioner bears the initial burden to submit evidentiary quality material containing sufficient operative facts that demonstrate a substantial violation of any of trial counsel's essential duties in addition to prejudice arising from that ineffectiveness. *State v. Church*, 2018-Ohio-368 (5th Dist.), citing *Calhoun*. Further, the Supreme Court of Ohio has held that the proper basis for dismissing a petition for postconviction relief without holding an evidentiary hearing includes the failure of the petitioner to set forth specific operative facts to establish substantive grounds for relief. *State v. Lentz*, 70 Ohio St.3d 527 (1994).

{¶ 26} In his motion, Lewis once again failed to provide any reason for the delay in filing, and he failed to satisfy the statutory exceptions to the untimely filing under R.C. 2953.23(A)(1). As found by the trial court in its October 3, 2024 judgment entry:

The defendant does not contend that he was unavoidably prevented from discovering the key facts that underlie his latest filing for postconviction relief and his new-trial request, let alone explain what may have prevented him from discovering those facts. In addition, he does not explain how he proposes to show at any hearing that, but for the alleged errors that he cites, he would not have been found guilty.

{¶ 27} We agree with the trial court's analysis. A petitioner's failure to satisfy the R.C. 2953.23(A) requirements deprives a trial court of jurisdiction to adjudicate the merits of an untimely or successive postconviction petition. *Apanovitch,* 2018-Ohio-4744, at ¶ 36; *Lewis,* 2024-Ohio-5271, at ¶ 20 (5th Dist.).

{¶ 28} Upon review, we find the trial court did not err in denying Lewis's motion without a hearing.

{¶ 29} Assignment of Error II is denied.

## I, III, IV, V, VI, VII, VIII, IX, X, XI, XII

{¶ 30} In his first assignment of error, Lewis claims the trial court abused its discretion and committed plain error when it denied his motion as untimely and based on res judicata. We disagree.

{¶ 31} In his third through twelfth assignments of error, Lewis claims his trial counsel was ineffective for various reasons.

{¶ 32} When a trial court denies a petition by operation of law, e.g., by application of the doctrine of res judicata, this court's review is de novo. *State v. Butcher*, 2014-Ohio-4302, ¶ 6 (11th Dist.).

{¶ 33} As for the untimely issue, Lewis failed to meet the statutory exceptions to the untimely filing under R.C. 2953.23(A)(1); therefore, the trial court did not err in finding the motion was untimely.

{¶ 34} A petition for postconviction relief is intended as a means to reach constitutional issues that would otherwise be impossible to reach because the evidence supporting those issues is not contained in the record of the petitioner's criminal conviction. *State v. Smith*, 2017-Ohio-2616, ¶ 13, citing *State v. Murphy*, 2000 WL 1877526 (10th Dist. Dec. 26, 2000). A petition for postconviction relief is a civil collateral

attack on a criminal judgment, not an appeal of that judgment. *Calhoun*, 86 Ohio St.3d at 281. It does not provide a petitioner a second opportunity to litigate the conviction. *State v. Lewis*, 2008-Ohio-3113, ¶ 8 (5th Dist.).

{¶ 35} Additionally, as held by the Supreme Court of Ohio in *State v. Perry*, 10 Ohio St.2d 175 (1967), paragraph nine of the syllabus:

Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment.

See also *Grava v. Parkman Twp.*, 73 Ohio St.3d 379 (1995).

{¶ 36} A petition for postconviction relief may defeat the res judicata bar only if its claims are based on evidence de hors the record. *State v. McNeill*, 137 Ohio App.3d 34, 40 (9th Dist. 2000), citing *State v. Cole*, 2 Ohio St.3d 112 (1982). "[T]o avoid the preclusive effect of res judicata, postconviction relief claims must be 'based on evidence outside of the original record that existed during direct appellate proceedings.'" *State v. Meyerson*, 2023-Ohio-708, ¶ 15 (9th Dist.), quoting *State v. Bulls,* 2015-Ohio-5094, ¶ 9 (9th Dist.). The petitioner "may file a supporting affidavit and other documentary evidence in support of the claim for relief." R.C. 2953.21(A)(1)(b). "[E]vidence presented outside the record must meet some threshold standard of cogency; otherwise it would be too easy

to defeat the holding of *Perry* by simply attaching as exhibits evidence which is only marginally significant and does not advance the petitioner's claim beyond mere hypothesis and a desire for further discovery." *State v. Coleman,* 1993 WL 74756, *7 (1st Dist. Mar. 17, 1993). To overcome a bar under res judicata, a petitioner "must produce new evidence that would render the judgment void or voidable and must also show that he could not have appealed the claim based upon information contained in the original record." *State v. Nemchik*, 2000 WL 254908, *1 (9th Dist. Mar. 8, 2000); *see State v. Cox*, 2019-Ohio-521, ¶ 11 (5th Dist.).

{¶ 37} In his motion, Lewis argued his trial counsel was ineffective for: (1) failing to argue that the trial court lacked subject matter jurisdiction as there was no charges of kidnapping in the criminal complaint, affidavit and arrest warrant; (2) failing to prepare a defense during trial or in his closing argument and his criminal rule 29 motion for acquittal, in where the state failed to prove the deadly weapon element or aggravated robbery and the element of substantial risk of physical harm in the kidnapping charges; (3) failing to argue the merits of his pro se motion for a new trial; (4) failing to object to the imposition of multiple and maximum consecutive sentences for a single episode of criminal conduct; (5) failing to move to suppress the illegally obtained CVS video evidence; (6) failing to present an identity defense as neither victims or witnesses made an out of court or in court identification pointing to him as the person who committed the offense and failing to argue that the detectives' in court and out of court identification was unduly suggestive; (7) failing to request a continuance upon a discovery violation of a surprise witness and failing to review the detectives' interview and summary report of the surprise witness with him; (8) failing to object to the detectives' testimony to cell phone location and failing to challenge the DNA expert testimony; (9) failing to object to the inaccurate time stamp of

a home surveillance video that the state relied on as evidence during the trial; and (10) failing to argue that his charges were allied offenses subject to merger.

{¶ 38} Lewis failed to rely on any information outside the record that would support his claims. The documents attached to Lewis's motion were available to him before trial; he was not unavoidably prevented from seeing them. Further, none of the documents established a substantial violation of any of trial counsel's essential duties in addition to prejudice arising from that ineffectiveness. *Church; Calhoun.* The issues raised by Lewis in his motion and in the instant appeal are issues which were either cognizable upon direct appeal from his judgment of conviction and sentence and/or were raised in his first petition for postconviction relief and subsequent appeal. Res judicata prohibits a petitioner from "re-packaging" evidence or issues that either were, or could have been, raised in the context of the petitioner's trial or direct appeal. *State v. Lawson*, 103 Ohio App.3d 307, 315 (12th Dist. 1995). Lewis's most recent motion was merely repackaging of the same arguments he has raised before.

{¶ 39} On the issue of subject matter jurisdiction, subject matter jurisdiction can be challenged at any time. *State ex rel. Jones v. Suster*, 84 Ohio St.3d 70, 75 (1998). "Subject-matter jurisdiction of a court connotes the power to hear and decide a case upon its merits." *Morrison v. Steiner*, 32 Ohio St.2d 86, 87 (1972). The current version of Article IV, Section 4(B) of the Ohio Constitution states, "[t]he courts of common pleas and divisions thereof shall have such original jurisdiction over all justiciable matters . . . as may be provided by law." As stated by the Supreme Court of Ohio: "This court has long held that the court of common pleas is a court of general jurisdiction, with subject-matter jurisdiction that extends to 'all matters at law and in equity that are not denied to it.'" *Bank of America, N.A. v. Kuchta*, 2014-Ohio-4275, ¶ 20, quoting *Saxton v. Seiberling*, 48 Ohio

St. 554, 558–559 (1891). "The court of common pleas has original jurisdiction of all crimes and offenses, except in cases of minor offenses the exclusive jurisdiction of which is vested in courts inferior to the court of common pleas." R.C. 2931.03. The kidnapping charges were included in the Delaware County Grand Jury's September 18, 2020 indictment; the offenses contained in the indictment occurred in Delaware County. *Foston v. Maxwell,* 177 Ohio St. 74, 76. The trial court did not lack subject matter jurisdiction in this case.

{¶ 40} The trial court properly found Lewis's claims based on ineffective assistance of counsel were barred by the doctrine of res judicata.

{¶ 41} Upon review, we find the trial court did not err in denying Lewis's motion under res judicata.

{¶ 42} Assignments of Error I and III through XII are denied.

{¶ 43} The judgment of the Court of Common Pleas of Delaware County, Ohio is hereby affirmed.

By King, J.

Hoffman, P.J. and

Montgomery, J. concur.