OPINION
{¶ 1} Defendant-appellant Ronnie Lee Schaar appeals his conviction and sentence from the Stark County Court of Common Pleas on one count of gross sexual imposition. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On January 9, 2003, appellant, who was 22 years old, was indicted on one count of gross sexual imposition in violation of R.C. 2907.05(A)(4), a felony of the third degree. At his arraignment on February 7, 2003, appellant entered a plea of not guilty to the charge contained in the indictment.
 {¶ 3} At a change of plea hearing on February 26, 2003, the following stipulation of facts was read into the record:
 {¶ 4} ". . . In December of 2001 Ashley Romans, whose date of birth is April 23 of 1993, disclosed that the Defendant, Ronnie Schaar, fondled her vagina underneath her clothes.
 {¶ 5} "This incident occurred at the home of Scott Rossitter whose resident at the time — residence at the time was Green Acres Town Houses located at 3516 [sic] Lincoln Way East, Apartment B-10, Perry Township, Stark County, Ohio. During this period of time the Defendant stayed at this address throughout the time that Mr. Rossitter occupied this apartment.
 {¶ 6} "During the investigation records revealed that Scott Rossitter was a resident at that address from May 5 of 1998 until July 7 of 1998.
 {¶ 7} "It was also learned that the Defendant's 18th
birthday occurred on July 11 of 1998.
 {¶ 8} "The State has not been able to determine an exact date the incident took place but that it did take place within that time frame." Transcript at 4-5. Thus, appellant was 17 years old at the time of the offense.
 {¶ 9} Based upon the facts, as stipulated to by the parties, appellant made an oral motion to dismiss the charge of gross sexual imposition based on jurisdictional issues. The trial court denied such motion, stating, in relevant part, as follows:
 {¶ 10} ". . . The Court will deny the motion. The Court will indicate however that we did review this in chambers, and I think the statute[1] is, is clear that an adult prosecution would ensue. The Court is aware of the fact that the statute did change fairly recently before the indictment was issued in this case but, after the incident had occurred.
 {¶ 11} "The Court would find that, that there are certain constitutional issues that may arise that this Court would feel that that would be the reason that the Court would be willing to accept a no contest plea is that those are, those are legitimate constitutional issues that defense counsel may wish to raise . . ." Transcript at 5-6.
 {¶ 12} Following the trial court's denial of his motion, appellant entered a plea of no contest to the charge of gross sexual imposition and the trial court found appellant guilty. As memorialized in a Judgment Entry filed on March 10, 2003, the trial court sentenced appellant to two years in prison. The trial court also classified appellant as a "sexually oriented offender."
 {¶ 13} It is from his conviction, sentence and sexual offender classification that appellant now appeals, raising the following assignments of error:
 {¶ 14} "I. Appellant's conviction, sentence and sexual offender labeling violate the mandate for [sic] of fundamental fairness in the criminal justice process.
 {¶ 15} "II. The trial court erred in entering a judgment of conviction, sentence and sexual offender labeling without jurisdiction for a crime committed prior to appellant's majority.
 {¶ 16} "III. The trial court's conviction, sentence and sexual offender labeling violate the protections afforded the appellant under the due process and equal protection clauses of the fourteenth amendment."
 I, III {¶ 17} Appellant, in his first assignment of error, argues that his conviction, sentence and classification as a sexual offender violated constitutional guarantees of fundamental fairness. Appellant notes that he committed the offense as a 17 year old boy. Through no fault of appellant, the State did not initiate prosecution against him until appellant was 22 years old. In short, appellant argues that it is fundamentally unfair to prosecute him as an adult for an offense that he committed when he was a juvenile.
 {¶ 18} In his third assignment of error, appellant further contends that his due process and equal protection rights were violated by the State's failure to prosecute appellant as a juvenile. According to appellant, "[t]reating him different [sic] because he has `aged out of that minority' is effectively stripping him of the garment of protection and expectation of equality afforded him . . . under the "Due Process" and "Equal Protection Clauses of the Fourteenth Amendment."
 {¶ 19} At issue in the case sub judice are the 1997 amendments to R.C. Chapter 2151. The 1997 amendment to R.C.2151.011 changed the definition of "child" and states "(c) [a]ny person who, while under eighteen years of age, commits an act that would be a felony if committed by an adult and who is not taken into custody or apprehended for that act until after the person attains twenty-one years of age is not a child in relation to that act." R.C. 2151.011(B)(6)(c). Effective in 1997, the General Assembly added R.C. 2151.23(I) which states as follows;
 {¶ 20} "(I) If a person under eighteen years of age allegedly commits an act that would be a felony if committed by an adult and if the person is not taken into custody or apprehended for that act until after the person attains twenty-one years of age, the juvenile court does not have jurisdiction to hear or determine any portion of the case charging the person with committing that act. In those circumstances, divisions (B) and (C) of section 2151.26 of the Revised Code do not apply regarding the act, the case charging the person with committing the act shall be a criminal prosecution commenced and heard in the appropriate court having jurisdiction of the offense as if the person had been eighteen years of age or older when the person committed the act, all proceedings pertaining to the act shall be within the jurisdiction of the court having jurisdiction of the offense, and the court having jurisdiction of the offense has all the authority and duties in the case as it has in other criminal cases commenced in that court."
 {¶ 21} As noted by the Ohio Supreme Court in State v.Walls, 96 Ohio St.3d 437, 442, 2002-Ohio-5059, 755 N.E.2d 829. "[t]hese changes to the statutory scheme effectively removed anyone over 21 years of age from juvenile-court jurisdiction, regardless of the date on which the person allegedly committed the offense. In other words, the statutory amendments made the age of the offender upon apprehension the touchstone of determining juvenile-court jurisdiction without regard to whether the alleged offense occurred prior to the amendments' effective date."
 {¶ 22} There is no dispute that appellant, in this matter, committed the offense of gross sexual imposition when he was 17 years of age, but was not arrested and prosecuted for the same until he was 22. While appellant argues that the application of R.C. 2151.23(I) in this case to him violated fundamental fairness and violated his due process and equal protection rights, we do not concur.
 {¶ 23} While not on point, we find that Walls, supra. is instructive. In Walls, the defendant committed a murder in 1985 while he was still a minor, but was not indicted for the same until November of 1998, when he was 29 years old. The defendant moved to dismiss the indictment against him, arguing that under the statutes in effect in 1985, he could not be tried as an adult until a juvenile court had first bound him over for trial to the general division of the court of common pleas. After the trial court denied his motion, the defendant was tried and convicted of aggravated murder and sentenced to life imprisonment. The defendant then appealed, raising issues including retroactive application of the law and preindictment delay.
 {¶ 24} After the appellate court affirmed the defendant's conviction, the defendant then appealed to the Ohio Supreme Court, arguing that the general division of the court of common pleas lacked subject matter jurisdiction to hear his case. The defendant specifically argued that application of the 1997 statutes violated the Retroactivity Clause of the Ohio Constitution.[2]
 {¶ 25} The Ohio Supreme Court, however, rejected the defendant's arguments that the court of common pleas, general division, lacked subject matter jurisdiction to hear his case and found no constitutional violations. The Court specifically found that the 1997 changes to R.C. Chapter 2151 did not impair any of the defendant's vested rights. Although the amendments allowed criminal prosecution of the defendant without the bindover proceeding required under the 1985 law, the Ohio Supreme Court stated that "we cannot characterize this change as anything other than remedial." Id. At 443. The court noted that "`[a]pplication of a new jurisdictional rule usually takes away no substantive rights but simply changes the tribunal that is to hear the case.'" Id. At 444, citing Landgraf v. USI Film Products
(1994), 511 U.S. 244, 274, 114 S.Ct. 1483. The Ohio Supreme Court, in Walls, further noted that even if the Juvenile Court retained jurisdiction over a delinquency complaint against an individual over 21 years of age, "it would find its dispositional options profoundly limited." Id. At 449. The Court pointed out that, because of his age, the defendant, in Walls, had "virtually no chance of being kept in the juvenile system" and that the law in effect in both 1985 and 1997 would have prevented a juvenile court from imposing any type of institutionalization or confinement on the defendant.
 {¶ 26} In short, the Ohio Supreme Court, in Walls, rejected the defendant's argument that the court of common pleas, general division, lacked subject matter jurisdiction to hear his case. While the Court, in Walls, did not specifically address whether trying the defendant as an adult for a crime committed when he was a juvenile violated the constitutional guarantee of fundamental fairness and/or the protections afforded under the due process and equal protection clauses of the Fourteenth Amendment, the Ohio Supreme Court did conclude by stating that it "found no constitutional violations" in trying the defendant as an adult for an offense committed while he was a juvenile. Id at 454. (Emphasis added).
 {¶ 27} Furthermore, while appellant argues that his due process rights were violated by the application of R.C.2151.23(I), we note that the court, in Walls, supra., specifically held that changing the jurisdiction from the juvenile to the general division of the common pleas court did not involve any substantive right. Thus, appellant's substantive due process rights were not violated.[3]
 {¶ 28} Finally, with respect to appellant's argument that he was denied equal protection by the State's decision to prosecute appellant as an adult rather than a juvenile, we concur with appellee that appellant was not denied equal protection by such decision. Appellant does not allege that he belongs to a suspect class, or that he is being punished for exercising a fundamental right. Since neither a suspect class nor fundamental right is involved in appellant's equal protection challenge, the legislation passes constitutional muster "if the state can show a rational basis for the unequal treatment of different groups."Fabrey v. McDonald Village Police Dept., 70 Ohio St.3d 351,353, 1994-Ohio-368, 639 N.E.2d 31. In the absence of a suspect class or fundamental right, legislative distinctions are invalid only if such distinctions bear no relation to the state's goals and there is no conceivable ground to justify them. Clements v.Fashing (1982), 457 U.S. 957, 963, 102 S.Ct. 2836.
 {¶ 29} By enacting R.C. 2151.23(I), the Ohio Legislature determined that persons who commit a crime as a juvenile, but are not arrested and prosecuted for the same until after turning 21 are, as appellee notes, "not likely to be amenable to the juvenile justice system and are automatically bound over for prosecution as an adult." We find that the State, therefore, had a rational basis for treating appellant differently than individuals who are arrested and prosecuted before attaining the age of 21.
 {¶ 30} Appellant's first and third assignments of error are, therefore, overruled.
 II {¶ 31} Appellant, in his second assignment of error, argues that the trial court lacked jurisdiction to convict appellant for a crime committed "prior to appellant's majority." Appellant specifically contends that R.C. 2151.23(A)(1), in July of 1998, gave Juvenile Courts exclusive jurisdiction over an individual for an offense committed prior to the individuals' 18th
birthday.
 {¶ 32} The version of R.C. 2151.23 cited by appellant states, in relevant part, as follows: "A) The juvenile court has exclusive original jurisdiction under the Revised Code as follows:
 {¶ 33} "(1) Concerning any child who on or about the date specified in the complaint is alleged to be a juvenile traffic offender or a delinquent, unruly, abused, neglected, or dependent child; . . ."
 {¶ 34} However, effective in 1997, the General Assembly added R.C. 2151.23(I), cited above, which declared the Juvenile Court's lack of jurisdiction over a person 21 years of age who is apprehended for an offense committed prior to the person's 18th birthday. As noted by appellee, "[t]he clear and unambiguous language of this subsection provides the adult division of the court of common pleas with exclusive jurisdiction over the prosecution of juvenile offenders who are apprehended, arrested and prosecuted after their twenty-first birthday.
 {¶ 35} Appellant's second assignment of error is, therefore overruled.
 {¶ 36} Accordingly, the judgment of the Stark County Court of Common Pleas is affirmed.
Edwards, J., Gwin, P.J. and Boggins, J. concur.
[1] The Court was referring to R.C. 2151.23(I).
[2] The offense, in Walls, was committed in 1985. Appellant argued that the statutes in effect in 1985 should be applied to his case and that the application of the 1997 statutes, (R.C.2151.26 and 2151.011(B)(6)), violated the Ohio Constitution's Retroactivity Clause.
[3] As appellee notes in its brief, appellee does not argue his procedural due process rights were violated.