[Cite as *State v. Schaar*, 2025-Ohio-4799.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO,<br><br>Plaintiff - Appellee<br><br>-vs-<br><br>JAMES SCHAAR,<br><br>Defendant – Appellant | Case No. 2025CA00059<br><br><u>Opinion And Judgment Entry</u><br><br>Appeal from the Stark County Common Pleas Court, Case No. 2001CR1536<br><br>Judgment:  Affirmed<br><br>Date of Judgment Entry: October 20, 2025 |

**BEFORE:** Craig R. Baldwin; Robert G. Montgomery; David M. Gormley, Judges

**APPEARANCES:** LISA A. NEMES, for Plaintiff-Appellee; JAMES SCHAAR, Pro Se, for Defendant-Appellant.

*Montgomery, J.*

### PROCEDURAL HISTORY OF THE CASE

**{¶1}** James Schaar (hereinafter "Schaar") was indicted by the Stark County Grand Jury on one count of aggravated murder in violation of R.C. 2903.01(B), an accompanying death penalty specification under R.C. 2929.04(A)(1)(3) and one count of aggravated robbery in violation of R.C. 2913.01(A)(1)(3).

**{¶2}** Following a trial held on July 10, 2002, a jury found Schaar guilty of aggravated murder and aggravated robbery.

**{¶3}** Schaar was sentenced to life imprisonment without parole on the charge of aggravated murder and an additional ten-year consecutive sentence on the charge of aggravated robbery. *7/11/02 Judgment Entry.*

{¶4} Schaar appealed his conviction to the Fifth District Court of Appeals. After hearing the case, this Court overruled each of Schaar's assignments of error and affirmed his conviction. *State v. Schaar*, 2003-Ohio-4774 at ¶ 92 (5th Dist.).

{¶5} While the aforementioned appeal was pending, Schaar filed a motion to reduce his sentence that was denied by the trial court on November 25, 2002.

{¶6} Schaar continued to file various post-decree motions with the trial court:

- Motion to Reduce Sentence that was denied on April 27, 2005.

- Motion for Evidentiary Hearing that was denied on August 22, 2006.

- Motion to Void Judgment, Motion to File a Delayed Postconviction Relief, Motion to Compel, Motion for Appointment of Counsel and Motion for Evidentiary Hearing were all filed on November 17, 2009.

{¶7} The trial court denied each of Schaar's aforementioned motions through various judgment entries.

{¶8} Schaar filed a Motion for Modification of Sentence Vacate Sentence with the Stark County Court of Common Pleas on April 15, 2025. Said motion was denied by the trial court through its Judgment Entry filed April 25, 2025.

{¶9} Schaar filed a Notice of Appeal and Appellant Brief on June 9, 2025. The State moved this Court to dismiss the appeal as untimely, however, this Court granted Schaar leave to file a delayed appeal. Schaar filed a document titled *Appeal from the Stark County Court of Common Pleas Trial Court No. 2001-CR-1536, Case No. 2025CA0059* on June 30, 2025.

{¶10} Schaar asserts the following assignments of error:

{¶11} "I.    THE TRIAL COURT COMMITTED PLAIN ERROR IN DENYING THE PETITION WHEN THE TRIAL COURT HAD JURISDICTION TO ENTERTAIN SUCH AN ACTION AND SHOULD HAVE HELD AN EVIDENTIARY HEARING."

{¶12} "II.    MR. SCHAAR RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL DURING HIS TRIAL, VIOLATING HIS CONSTITUTIONAL RIGHTS TO A FAIR TRIAL."

{¶13} "III.    THE EVIDENCE IS LEGALLY INSUFFICIENT TO SUPPORT MR. SCHAAR'S CONVICTION OF AGGRAVATED MURDER. BY DEFINITION OF BOTH CHARGES, THE OFFENSE OF MURDER HAD TO HAVE TAKEN PLACE IN THE PROCESS OF THE ROBBERY. FURTHERMORE, IN ORDER TO VALIDATE A CLAIM OF PRIOR CALCULATION AND DESIGN, THERE MUST BE PROOF BEYOND A REASONABLE DOUBT THAT MR. SCHAAR PLANNED TO COMMIT THIS CRIME. THERE WAS NEVER A PLAN TO KILL ANYONE."

{¶14} "IV.    THE FAILURE OF THE TRIAL COURT TO GIVE INSTRUCTIONS ON LESSER INCLUDED OFFENSES DENIED APPELLANT DUE PROCESS IN THE FULL EXPOSITION OF HIS RIGHT TO TRIAL BY JURY."

{¶15} "V.    THE TRIAL COURT DENIED APPELLANT DUE PROCESS OF LAW, EQUAL PROTECTION AND BENEFIT OF THE LAWS, THE PROHIBITION AGAINST MULTIPLE PUNISHMENTS WHEN SENTENCED APPELLANT TO MAXIMUM LIFE WITHOUT PAROLE PLUS 10 YEARS, WHEN THERE WERE NO ADDITIONAL OR INTERVENING FACTS TO JUSTIFY THE DRASTIC SENTENCE ENHANCEMENT, THUS TRIGGERING THE PRESUMPTION THAT THE RE-SENTENCING WAS VINDICTIVE."

**{¶16}** "VI.     THE TRIAL COURT ERRED IN MULTIPLE ISSUES."

**{¶17}** "VII.    PROSECUTORIAL MISCONDUCT."

**{¶18}** "VIII.   DISPARITY IN SENTENCING."

**{¶19}** "IX.     ACTUAL INNOCENCE."

## STANDARD OF REVIEW

**{¶20}** Schaar is appealing the trial court's April 25, 2025, Judgment Entry denying his Motion for Modification of Sentence Vacate Sentence that he filed on April 15, 2025.

**{¶21}** This Court will not overrule the trial court's judgment entry absent a finding that the trial court abused its discretion.

**{¶22}** "The term 'abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

## ANALYSIS

**{¶23}** Schaar asserts in his first assignment of error that, "The trial court committed plain error in denying the petition when the trial court had jurisdiction to entertain such an action and should have held an evidentiary hearing." *Appellant Brief*, p. 4.

**{¶24}** Schaar was convicted of aggravated robbery and aggravated murder by a jury of his peers on July 10, 2002. Schaar was sentenced by the trial court on July 11, 2002, and appealed that conviction to this Court on August 2, 2002. A transcript was filed with this Court at the time of hearing on the direct appeal.

**{¶25}** The motion for postconviction relief currently at issue with this Court was filed with the trial court on April 15, 2025, more than 20 years following this Court's decision and the filing of the trial transcript in *State v. Schaar*, 2004-Ohio-1631 (5th Dist.).

**{¶26}** R.C. 2953.21(A)(2) provides a petition for postconviction relief "shall be filed no later than three hundred sixty-five days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction."

**{¶27}** In the case sub judice, the transcripts in Schaar's direct appeal were filed in 2002. Schaar's current postconviction motion was filed more than twenty years after the statutory deadline. Therefore, pursuant to R.C. 2953.21, Schaar's postconviction motion is untimely.

**{¶28}** This Court has previously held, "A court has no jurisdiction to hear an untimely petition for postconviction relief unless the movant meets the requirements set forth in R.C. 2953.23(A)." *State v. Demastry,* 2005-Ohio-4962, ¶ 15 (5th Dist.).

**{¶29}** R.C. 2953.23(A) states:

(A)    "Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless division (A)(1) or (2) of this section applies:

(1)    Both of the following apply:

(a)    Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed

in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.

(b)  The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted …"

(2)  The petitioner was convicted of a felony, the petitioner is an offender for whom DNA testing was performed under sections 2953.71 to 2953.81 of the Revised Code or under former section 2953.82 of the Revised Code and analyzed in the context of and upon consideration of all available admissible evidence related to the inmate's case as described in division (D) of section 2953.74 of the Revised Code, and the results of the DNA testing establish, by clear and convincing evidence, actual innocence of that felony offense or, if the person was sentenced to death, establish, by clear and convincing evidence, actual innocence of the aggravating circumstance or circumstances the person was found guilty of committing and that is or are the basis of that sentence of death.

**{¶30}** Shaar's motion filed on April 15, 2025, failed to address the untimely filing of his motion for postconviction relief pursuant to R.C. 2953.23(A)(1). Instead, Schaar argues that he had ineffective assistance of counsel, comments made by the judge at sentencing, his age at time of sentencing, disparity in sentencing, his childhood trauma,

his mental health, rehabilitation and his home plan. Motion for Modification of Sentence Vacate Sentence, pps. 3, 8, 10, 12, 14, 18 and 21.

**{¶31}** Schaar has failed to satisfy any of the statutory exceptions spelled out in R.C. 2953.23(A)(1). Since the code requires both R.C. 2953.23(A)(1) and 2953.23(A)(2) to be met, this Court need not consider R.C. 2953.23(A)(2).

**{¶32}** Since Schaar's motion failed to meet any of the statutory exceptions, the trial court was without jurisdiction to hear his motion.

**{¶33}** "A petitioner's failure to satisfy R.C. 2953.23(A) deprives a trial court of jurisdiction to adjudicate the merits of an untimely or successive postconviction petition." *State v. Lewis*, 2024-Ohio-5271, ¶ 20 (5th Dist.), citing *State v. Apanovitch*, 2018-Ohio-4744.

**{¶34}** Schaar's motion filed on April 15, 2025, is his fourth attempt to modify his sentence. Therefore, said motion is successive.

**{¶35}** Schaar argues that the trial court erred when its Judgment Entry filed on April 25, 2025, did not contain findings of fact pursuant to R.C. 2953.21(H). *Appellant Brief*, p. 4. We disagree.

**{¶36}** Schaar's motion was both successive and untimely and the trial court had no obligation to issue findings of fact or conclusions of law. As stated by this court in *Lewis,* at ¶ 26, "Because appellant's petition was untimely, the trial court was not required to make any findings of fact or conclusions of law." Citing *State v. Robinson*, 2022-Ohio-3566 (5th Dist.). This Court also stated, "If a petition for postconviction relief is untimely, the trial court [has] no clear duty to issue findings of fact or conclusions of law." *Dillon v. Cottrill*, 2015-Ohio-1785 (5th Dist.).

**{¶37}** Schaar's motion failed to provide any reason for the delay in filing his motion and he has previously filed several motions requesting similar relief. Schaar has failed to satisfy the statutory exceptions to the untimely and successive filing of a motion for postconviction relief pursuant to R.C. 2953.23(A)(1). Schaar's failure to satisfy R.C. 2953.23(A) deprived the trial court of jurisdiction to adjudicate the merits of his untimely and successive postconviction petition. Accordingly, the trial court's decision was not unreasonable, arbitrary or unconscionable. The trial court did not commit error in denying Schaar's motion without a hearing.

**{¶38}** Schaar's first assignment of error is overruled.

**{¶39}** This Court further finds that this Court lacks jurisdiction to review the remaining assignments or error listed in Schaar's Appellant Brief. The only issue before this Court is Schaar's motion for postconviction relief filed on April 15, 2025. The errors assigned in Schaar's brief attack the jury's findings and trial court decision issued more than twenty years ago.

**{¶40}** Pursuant to App.R. 4 (A)(1), "[a] party who wishes to appeal from an order that is final upon its entry shall file the notice of appeal required by App.R. 3 within 30 days of that entry."

**{¶41}** Schaar's attempt to appeal the trial court's December 11, 2002, Judgment Entry is outside the timeline for filing an appeal. For this reason, Schaar's Assignments of Error II, III, IV, V, VI, VII, VIII and IX are overruled.

## CONCLUSION

{¶42}  For the reasons set forth in this decision, the Judgment Entry issued by the Stark County Common Pleas Court on April 25, 2025, is affirmed.

{¶43}  Costs to Appellant.

By: Montgomery, J.

Baldwin, P.J. and

Gormley, J. concur.